Jesse **OZDOBA** and Mariam Berlfein, doing business under the firm name and style of **Ronald Fabrics Company,** Plaintiffs,

v.

**VERNEY BRUNSWICK MILLS, Inc.,** Verney Fabrics Corp., Verney Mills, Inc., Gilbert Verney, Harrison C. Biggi, Oliver Iselin and Floyd W. Jefferson, individually and as co-partners, doing business under the firm name and style of Iselin-Jefferson Co., Cabot Manufacturing Co., Inc., Jacob Ziskind, and First National Bank of Boston, Defendants.

United States District Court
S. D. New York.
Nov. 23, 1946.

See also 152 F.Supp. 136.

J. Norman Lewis, and Herbert N. Bobrow, New York City, by J. Norman Lewis, James P. Durante, and Benjamin Bartel, New York City, for plaintiffs.

Weil, Gotshal & Manges, New York City, by Horace S. Manges, Jacob F. Raskin, and Murray W. Neitlich, New York City, for defendants Verney Brunswick Mills, Inc., Verney Fabrics Corp., Verney Mills, Inc., Gilbert Verney and Harrison C. Biggi.

Kobbe, Thatcher & Frederick, New York City, by Karl T. Frederick, New York City, for defendant Floyd W. Jefferson.

BONDY, District Judge.

The First National Bank of Boston, appearing specially, moves for an order vacating and setting aside the attempted service of the summons and complaint upon it on the grounds that the person to whom the process was delivered was not an officer, director, employee, managing or general agent of the Bank or of any office thereof, that the corporation of which he was an officer was not a managing or general agent of the Bank or of any office thereof, and that under the National Banking Act, 12 U.S.C.A. § 94, an action against the Bank may be brought only in the District of Massachusetts where it is established.

The opposing affidavits disclose the following: A listing in the Manhattan directory read:

"First Natl Bank of Boston 100 Bway REctr 2–1170 Special credit representative 350 5 Av.REctr 2–1170".

An attorney, associated with one of the attorneys for the plaintiffs telephoned Re 2–1170 and told the telephone operator who responded that he would like to speak to the agent for The First National Bank of Boston and thereafter she stated "This is Mr. Schreiber's line"—Mr. Schreiber being the person to whom the process was delivered. The attorney who delivered the process requested the guard and other employees on the eleventh floor of 100 Broadway to direct him to the agent of The First National Bank of Boston. They said they would call him. Thereafter Mr. Schreiber appeared and the process was delivered to him. The person who delivered the process was told by the guard and other employees that the office was regularly maintained by The First National Bank of Boston.

The cashier of the defendant Bank and the person to whom the process was delivered state in supporting affidavits that such person was not an officer, director, employee, managing or general agent of the Bank or of any office thereof, that the Bank did not have any office at 100 Broadway, New York City, and that the person to whom process was delivered was the treasurer of the First of Boston International Corporation having an office at 100 Broadway, which is a wholly owned subsidiary of the Bank but conducts its business of foreign banking separate and distinct from the Bank and is not a managing or general agent of the Bank or of any office thereof.

Although the facts stated in the opposing affidavits hardly establish that the Bank is found in the Southern District of New York within the meaning of the Clayton Act, Section 12, 15 U.S.C.A. § 22; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 84, 38 S. Ct. 233, 62 L.Ed. 587, or that the person to whom the process was delivered was an officer, managing or general agent of the Bank or an agent authorized by ap-

pointment or by law to receive service within Rule 4(d), Federal Rules of Civil Procedure, 28 U.S.C.A. the court will afford the plaintiffs an opportunity to establish before it or a master whether or not the Bank is found in this district and, if so, whether delivery of process to the person who received it constitutes service on the Bank.

In the absence of such proof the motion to vacate service will be granted. Pending the opportunity afforded to the plaintiffs the court will hold in abeyance its decision upon the question whether under the National Banking Act, supra, the Bank may not be sued otherwise than in the district in which it is established, or whether under the Clayton Act, supra, it may be sued in the district in which it is found or transacts business as well as that whereof it is an inhabitant.