**L. Gilbert COHEN, Appellant,**

v.

**NEWSWEEK, INC., Appellee.**

**No. 17006.**

United States Court of Appeals Eighth Circuit.

Jan. 11, 1963.

L. Gilbert Cohen, Minneapolis, Minn., made argument pro se and filed brief.

Armin M. Johnson, Minneapolis, Minn., made argument for appellee and Royall, Koegel & Rogers, New York City, and Faegre & Benson, Minneapolis, Minn., were with him on the brief.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

VOGEL, Circuit Judge.

This is an appeal from an order of the District Court granting appellee's motion to dismiss. The case is one for treble damages based upon the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 et seq., and the Clayton Act, 15 U.S.C.A. §§ 12 et seq. It was brought by appellant against Newsweek, Inc., and six other defendants.

Newsweek is a New York corporation, as were some of the other defendants. Venue was laid in the United States District Court for the District of Minnesota. Newsweek was named as a party defendant in an amended complaint filed subsequent to the commencement of the original action. Purported service of process upon Newsweek was made by serving William H. Hennessy at Newsweek's office in New York, New York. Newsweek moved for a dismissal pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.,

"* * * for the reasons that the Court lacks jurisdiction over the person of said defendant since said defendant is not an inhabitant of this judicial district, nor is it found therein nor does it transact business therein and that the service of process upon said defendant was insufficient."

The motion was based upon the files and records in the case and upon the affidavit of F. E. Davis, vice president and general manager of Newsweek, Inc. Supportive of the insufficiency of service of process contention, Davis' affidavit set forth, *inter alia:*

"2. The only service of process in the above entitled action on defendant Newsweek, Inc. occurred on February 28, 1961, when a copy of the amended complaint in said action was given by someone, presumably a representative of the United States Marshal in New York to Mr. William H. Hennessy, who is an employee of Newsweek, Inc., at its office at 444 Madison Avenue, City, County and State of New York. Mr. Hennessy is not an executive officer or director of Newsweek, Inc., he has not been designated by Newsweek, Inc. as the person upon whom process directed to the corporation should be served, and he was not on February 28, 1961 in charge of the said office of Newsweek, Inc."

The balance of Davis' affidavit had to do with Newsweek's contention that it was not present in nor transacting business within the District of Minnesota so as to be subject to suit therein.

On November 3, 1961, after hearing, the District Court concluded that the appellant had failed to sustain the burden of establishing that Newsweek was transacting business within the District of Minnesota so as to support appellant's claim to venue therein and accordingly entered an order granting appellee's motion. Petition for rehearing was filed by the appellant on November 13, 1961. Hearing on the petition was had on January 8, 1962, at which time the motion for rehearing was denied.

Newsweek has persisted in the court below and here that service on Hennessy was insufficient. Such service goes directly to the question of jurisdiction of the court. We believe, therefore, that such claim of insufficiency of service of process should receive first consideration.

Under Rule 4(d) (3), Federal Rules of Civil Procedure, 28 U.S.C.A., service may be made as follows:

"Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

In accordance with the provisions of Rule 4(d) (7), F.R.C.P., 28 U.S.C.A., service may also be made in accordance with the law of the state wherein service is made. In the State of New York, service is governed by N. Y. Civil Practice Act, § 228. Insofar as it may be applicable herein, it provides as follows:

"Personal service of the summons upon a domestic corporation must be

made by delivering a copy thereof, within the state, as follows:

\* \* \* \* \* \*

"8. In any other case, to the president or other head of the corporation, the vice-president of the corporation, the secretary, or assistant secretary, or clerk to the corporation, the cashier, the treasurer or assistant treasurer or a director or managing agent.

"9. If the defendant is a business corporation or a transportation corporation, to one of the persons designated in subdivision eight or to the secretary of state when he shall have become the agent of the corporation for the service of process as provided in the stock corporation law. If service be made pursuant to section twenty-five or subdivision eight of section ninety-one of the stock corporation law, the time within which the corporation is required to appear or answer shall be deemed to be extended ten days whether the action is brought in a court of record or not of record."

Hennessy is described in the Davis affidavit as "an employee of Newsweek, Inc., at its office at 444 Madison Avenue, City, County and State of New York" and in appellee's brief and the Deputy Marshal's Certificate of Service as Newsweek's "personnel director". Both the record and the affidavit of Davis show that Hennessy was not a proper person upon whom service could be made in order to confer jurisdiction on Newsweek, Inc. The appellant introduced nothing to indicate that a contrary result should follow. In the absence of any controverting evidence, the unavoidable conclusion can only be that the Davis affidavit sets forth the facts and that there was accordingly no proper service and consequently no jurisdiction. See Thomas v. Furness (Pacific), Limited, 9 Cir., 1948, 171 F.2d 434, 435, certiorari denied, 337 U.S. 960, 69 S.Ct. 1522, 93 L.Ed. 1759; Pollak Bros., Inc. v. Leo-Tex Co., Inc., D.C.S.D.N.Y., 1957, 20 F. R.D. 396, 397; Ozdoba v. Verney Brunswick Mills, Inc., D.C.S.D.N.Y., 1946, 152 F.Supp. 139, 140–141; Sunbeam Corp. v. Payless Drug Stores, D.C.N.D.Calif., 1953, 113 F.Supp. 31, 46; Fulton v. Twentieth Century-Fox Film Corp., D.C. W.D.Mo., 1953, 111 F.Supp. 874, 875.

While we are of the opinion that the District Court did not err in holding that appellant had the burden of establishing facts to support his claim to venue in the District of Minnesota and that, on the record before it, there was a failure of such proof, we shall nevertheless not consider such issue on the merits in view of our conclusion that the court was without jurisdiction in that the service of process upon appellee was insufficient.

For the reasons stated, the District Court's dismissal hereof is affirmed.