**H. E. BENHAM, Plaintiff,**

v.

**WORLD AIRWAYS, INC., a Delaware corporation, Defendant.**

**Civ. No. 2346.**

United States District Court
D. Hawaii.

May 12, 1966.

Frank D. Padgett, Honolulu, Hawaii, for plaintiff, Robertson, Castle & Anthony, Honolulu, Hawaii, of counsel.

William M. Swope, J. Russell Cades, Honolulu, Hawaii, for defendant, Smith, Wild, Beebe & Cades, Honolulu, Hawaii, of counsel.

TAVARES, District Judge.

Plaintiff, a resident of Hawaii, invokes the diversity jurisdiction of this Court, in this suit for breach of contract against a Delaware corporation whose principal office is in Oakland, California.

Defendant moves to quash service of process, and moves to dismiss for improper venue and for lack of jurisdiction of the "person" of the defendant. The motions are based on the contention that the defendant is not doing business in Hawaii within the meaning of Chapter 174, R.L.H.1955, as amended, nor within the meaning of 28 U.S.C. § 1391(c).

Personal service of process was made in Honolulu upon James Milliken, who, plaintiff alleges, is station manager for World Airways, Inc., and its senior representative in Hawaii. Service was made pursuant to Rule 4(d) (3) of the Federal Rules of Civil Procedure, which is identical in wording with Rule 4(d) (3) of the Hawaii Rules of Civil Procedure, and which provides in material part:

"Service shall be made * * * Upon a domestic or foreign corporation * * * by delivering a copy of the summons and complaint to an officer, *a managing or general agent,*

or to any other agent authorized by appointment or by law to receive service of process * * *" (emphasis supplied).

Service was also made in accordance with Rule 4(d) (7), F.R.Civ.P. (which corresponds in substance with Rule 4(d) (8) of the Hawaii Rules of Civil Procedure) which provides:

"Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute."

The relevant state statute which was in effect at the time of the service herein, § 172–150, R.L.H.1955, as amended by Act 193, S.L.1963, Section 54, provides that:

"Service * * * against any corporation, whether domestic or foreign, * * * may be made in the manner provided by law upon any officer or director of the corporation who is found within the jurisdiction * * *; and in default of finding any officer or director, upon the manager or superintendent of the corporation *or any person who is found in charge of the property, business or office of the corporation within the jurisdiction.*" (emphasis supplied.)

Was Mr. Milliken a "managing agent" (F.R.Civ.P. 4(d)(3)), or a "person who is found in charge of the property, business or office of the corporation" (F.R.Civ.P. 4(d) (7) and R.L.H. § 172–150)?

Defendant admits the following facts which are set forth in its affidavit in support of its motions:

That defendant carries on an air service business for carriage of passengers and related activities in commercial charter and government contracts (especially military); the routes for its flights are: mainland-Honolulu-Kwajalein; Kwajalein-Honolulu-Kwajalein; Kwajalein-Honolulu-Oakland; and Travis Airfield, California-Honolulu-Philip-

pines, Saigon, Thailand, Okinawa, Japan and return to Travis through Honolulu; that defendant employs Mr. Milliken "who is responsible for the activities of the World Airways performed at Honolulu International Airport"; that he has an assistant and an office secretary; that defendant employs four dispatch clerks who provide 24-hour communication service in connection with defendant's operations through Honolulu; that defendant employs two maintenance technicians who work on planes transited through Honolulu; that defendant maintains a Hawaii bank account that normally contains about $1,500 for making purchases incidental to the transit of its planes to or through or from Honolulu.

■ These facts establish to the satisfaction of this Court that Mr. Milliken was a managing agent and a person in charge of defendant's office in Hawaii. This finding would dispose of the motions to quash and to dismiss, but defendant raises certain technical objections based upon counsel's interpretation of a recent Hawaii decision and of the Hawaii statutes next considered.

Defendant cites Atlas Elevator Co. v. Presiding Judge of Circuit Court et al., 412 P.2d 645, decided by the Hawaii Supreme Court on March 24, 1966, which held that a foreign corporation which is not required to designate an agent for service of process, can be served by filing the process with the Director of Regulatory Agencies pursuant to R.L.H. 1955, § 172–150; and further held that Act 315, S.L.1957, by repealing R.L.H. 1955, § 174–2, left a gap in the provisions for service of process in the event a foreign corporation engaged in interstate commerce in Hawaii thereafter absented itself, leaving no officer or managing agent; and that it was not until the passage of S.L.1965, Act 134 that the Hawaii Legislature enacted a "long-arm" statute. Obviously that decision is inapplicable to the present case: although this defendant was not required to designate an agent for service of process, the plaintiff did not attempt service by filing with the Director of Regulatory Agencies. Nor did this defendant absent itself before service of process, leaving no officer or managing agent here: on the contrary, at the time of service this defendant was engaged in interstate commerce in Hawaii.

The Court now turns to a consideration of the pertinent Hawaii statutes, which were also discussed in Atlas Elevator Co., supra.

In addition to amending Chapter 174 as described above, the 1957 Act 315 provided (in § 174–8) that:

"Every foreign corporation or incorporated company * * * on complying with the provisions of section 174–1 and paying to the treasurer a fee of $50 shall, subject to the provisions of sections 174–9 and 174–13, *have the same powers and privileges and be subject to the same disabilities as are* by law *conferred on corporations constituted under the laws of the Territory* * * *."* (emphasis supplied.)

■ Reading the entire text of Act 315, and especially the new section 174–7.5, it seems too clear for argument, that a foreign corporation engaged solely in the activities mentioned in section 174–7.5, and therefore exempt from filing under Chapter 174, is certainly *not to be deprived of the general powers* that would be conferred on a foreign corporation which is *required* to, and does comply, with section 174–1; but rather that it would have the *same general powers.*

■ This is clearly indicated by Section 174–7.5(a) which provides that foreign corporations will not be considered as doing business for the purpose of Chapter 174 by "maintaining or defending any action or suit." Thus it clearly appears that a foreign corporation *not required to register under Chapter 174,* may nevertheless *sue or be sued in the State courts,* and therefore Section 172–150 applies to such non-registering foreign corporations. This was so *before*

the 1965 enactment of the "long-arm" statute by Act 134, S.L.1965, and it is still so.

In this connection, it might be noted that Act 134 subjects a person outside the jurisdiction who, in person or through an agent, has engaged in "the transaction of any business within this State," to the "jurisdiction of the courts of this State." It also provides that service of process may be made in the manner provided in Section 230–33 (service in cases of operation of motor vehicles) but limits the causes of action for which service under said long-arm statute may be made to "causes of action arising from acts enumerated herein."

Act 134 also has a saving clause: "Nothing herein contained limits or affects the rights to serve any process *in any other manner now or hereafter provided by law.*" (emphasis supplied.)

Finally, it should be noted that Act 134 *does not purport* to be a *part of chapter 174,* R.L.H.1955, or of Chapter 172, but simply is "A bill for an act relating to service of process upon persons without the State of Hawaii."

■ Under the circumstances, the Court does not believe that the definition of the term "doing or carrying on business" contained in Section 174–7.5 in any way restricts or limits the definition or scope of the term "transaction of any business" in Act 134 nor the scope of Section 172–150, as amended.

It is also noted that Section 172–150 was amended by Act 193, S.L.1963, which was an act simply revising existing statutes to conform to previous changes in the law, to correct errors and clarify language, to correct references and delete obsolete provisions. By Section 54 of that Act, Section 172–150 was amended by simply deleting the cross-reference to "174–2," which section had been repealed by Act 315, S.L.1957.

Defendant argues that this Court, on constitutional grounds, as well as grounds of public policy, should hold the service insufficient on the ground that the defendant is engaged exclusively in interstate and foreign commerce, and therefore not subject to registration under the Hawaii State laws, and on the further ground that the defense of this suit in Hawaii would constitute an unreasonable interference with interstate commerce and an undue burden on the defendant.

This contention is not well founded, for the following reasons, among others:

■ (1) The written contract, although drawn in California and signed by the defendant in California, on its face indicates that it became a contract when it was signed by the plaintiff in Honolulu; hence the contract was actually made in Hawaii;

(2) The contract was to be primarily performed in Hawaii.

The contract involved property in Hawaii, and also the same type of business which to a substantial extent was already conducted in Hawaii by the defendant; namely, providing turn-around aircraft maintenance services, aircraft cleaning and baggage handling, flight watch services, passenger handling services, and other services required by an airline using Honolulu International Airport facilities;

(3) Among other things, the plaintiff was to contribute all of the physical assets or facilities of Mid-pacific Company, then owned by him, and located in Honolulu, and the defendant was to provide certain services and assistance in procuring the financing necessary "to acquire certain assets presently owned by Air Service Corporation, and used in its operation at Honolulu International Airport."

(4) Plaintiff was and is a resident of the State of Hawaii.

■ (5) The fact that the contract was entirely executory at the time of its alleged breach, is not a persuasive reason for forcing plaintiff to sue in a foreign jurisdiction, especially since this

Court finds, contrary to defendant's contention, that the contract was clearly related to and involved defendant's activities at the Honolulu International Airport, and in fact called for a transfer of the same to the proposed new corporation, along with defendant's related facilities in Honolulu.

(6) The argument that allowing the case to be tried in Hawaii would impose an undue burden on the defendant ignores the inconvenience to plaintiff of compelling him to try the case in California, as well as the obvious fact that defendant, being in the air transportation business with frequent calls at Honolulu along its general air routes, and with its own air facilities and employees in Honolulu to handle such transportation, is in a most favorable position to furnish, at minimum cost, transportation to any of its officers and employees it may need to bring over to Honolulu as witnesses.

(7) In view of the foregoing, the Court finds that neither the defendant, nor interstate commerce in general, would be unduly burdened by requiring this case to be litigated in Hawaii.

The decisions cited by defendant are distinguishable on their facts. None of them involved a combination of the facts and circumstances above outlined. These circumstances, coupled with the State's interest in assisting its citizens in securing local adjudication of their rights, in this Court's view outweigh any alleged hardship on defendant or burden on interstate or foreign commerce, and hence fail to support the contention of constitutional infirmity.

Therefore, the Motion to Quash the service of process and dismiss the complaint for insufficiency of service of process and dismissing the complaint for lack of jurisdiction over the person of defendant, is denied.

For the same reasons, the Motion to Dismiss for improper venue is not well taken, and is denied.