PLACID INVESTMENTS, LTD., Plaintiff-Appellant,

v.

GIRARD TRUST BANK, Defendant-Appellee.

No. 81–1273.

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1981.

A. B. Conant, Jr., Dallas, Tex., for plaintiff-appellant.

Strasburger & Price, Wilson W. Herndon, Dallas, Tex., Dechert, Price & Rhoads, Raymond W. Midgett, Jr., Philadelphia, Pa., for defendant-appellee.

Before GEE and RUBIN, Circuit Judges, and SPEARS,* District Judge.

GEE, Circuit Judge:

Plaintiff appeals the district court's dismissal of this diversity action for the alleged breach of an option contract and related torts due to a lack of personal jurisdiction over the defendant under the Texas long-arm statute, Tex.Rev.Civ.Stat.Ann. art. 2031b (Vernon 1964 & Supp. 1980–81). We affirm.

* District Judge of the Western District of Texas, sitting by designation.

## I. *Facts and Disposition Below.*

On July 11, 1978, defendant Girard Trust Bank ("Girard"), a Pennsylvania corporation with its main office in Philadelphia, granted Metals Quality Corporation ("MQC"), a New York corporation[1] with offices in New York City, an option to purchase $710,000 (face value) of United States silver coins. This option contract, originally for a term of one year, was extended by agreement between Girard and MQC to July 11, 1980. MQC subsequently exercised its right to assign the contract by assigning it to plaintiff Placid Investments, Ltd. ("Placid"), a Texas limited partnership headquartered in Dallas.

Placid notified Girard on June 6, 1980, of its claim to be the holder of the option contract. Girard responded that same day by writing to Placid, listing the requirements for exercising the option and enclosing an indemnity agreement made necessary by conflicting claims to this and other options granted MQC. Placid signed the agreement and returned it to Girard.

Thereafter, the parties communicated by phone concerning the exercise of the option. When Placid attempted to exercise the option, a dispute arose as to whether Placid had done so before the option's expiration on July 11, 1980. Girard refused Placid's tender of payment for the coins. Placid then brought this suit in the Northern District of Texas alleging breach of the contract and several alternative contract and tort claims.

■ Placid's complaint asserted that the court enjoyed personal jurisdiction over Girard under Tex.Rev.Civ.Stat.Ann. art. 2031b (Vernon 1964 & Supp. 1980–81).[2] Service of the complaint and summons on Girard was done through the Texas Secretary of State. Girard moved for dismissal under Fed.R.Civ.P. 12(b)(2) for lack of jurisdiction and under Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process. Alternatively, Girard requested an order transferring the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) (1976). The district court granted Girard's motion to dismiss under Fed.R.Civ.P. 12(b)(2), holding Girard not amenable to suit under article 2031b due to a failure to fulfill its nexus requirement. Placid appeals this dismissal.

## II. *Issues on Appeal.*

The pivotal issue on appeal, the meaning and application of article 2031b, was recently addressed in *Prejean v. Sonatrach, Inc.,* 652 F.2d 1260 (5th Cir. 1981). *Prejean* held that

> while the statute encompasses all nonfortuitous contact with the forum such that due process would allow amenability to suit, in addition the cause of action must arise out of those minimum contacts.... [S]ervice of process under Article 2031b cannot be made validly on a nonresident defendant whose contacts with Texas have no connection with the plaintiff's cause of action.

*Id.* at 1267 (footnotes omitted).

■ Placid first argues that its cause of action need not arise out of specific Texas contacts in order to create jurisdiction under article 2031b. That argument is foreclosed by *Prejean,* and this court is bound by it. *See S & H Riggers & Erectors, Inc. v. OSHRC,* 659 F.2d 1273, 1278–79 (5th Cir. 1981). Alternatively, Placid claims that its cause of action does arise out of Texas contacts. This claim has no merit.

■ The district court found that it was undisputed that Girard does business in Texas. Although Girard has no office in Texas, it does maintain accounts in Texas banks, own Texas real estate, solicit business in Texas, and receive revenue from Texas sources. However, none of these contacts gave rise to this cause of action.

---

**1.** The district court found that MQC was a New York corporation. However, the option contract states that MQC is a Delaware corporation.

**2.** Where service of process over a non resident defendant in a diversity action is based on the local longarm statute, such statute governs under Fed.R.Civ.P. 4(d)(7) and (e). *See Prejean v. Sonatrach, Inc.,* 652 F.2d 1260, 1264 n.2 (5th Cir. 1981).

The option contract was entered into in Philadelphia between Girard and MQC. Placid played no role in its negotiation. The option was to be exercised at Girard's Philadelphia office. No representative of Girard has ever been in Texas in connection with this contract. The only Texas contacts by Girard in connection with this contract were the indemnity agreement and letters, telex messages, and telephone conversations concerning the exercise of the option. Since this suit is on the option contract and not on the indemnity agreement, the causal relationship or nexus required by article 2031b is not shown here by these contacts.

Placid next asserts that its cause of action arises under section 4 of article 2031b from a tort committed in whole or in part in Texas by Girard. This alleged tort is Placid's foreseeable economic injury due to Girard's breach. *Prejean* answers this argument:

> The economic effects from the alleged tortious conduct were not purposefully introduced into Texas, but were only fortuitous impacts on the [plaintiffs], wherever they are located, from the wrongful acts.... Without the necessary factor of purposeful creation of the effects, the assertion of in personam jurisdiction is unconstitutional.

652 F.2d at 1270. The district court correctly held that out-of-state tortious acts did not establish commission of a tort under article 2031b.

Finally, Placid contends that jurisdiction over Girard was obtained under Tex. R.Civ.P. 108. However, a rule of procedure adopted by the Texas Supreme Court may not be used as an end-run around the substantive jurisdictional requirements enacted by the Texas Legislature in article 2031b. To allow such a device would render article 2031b a nullity. *See* Tex.Rev.Civ.Stat.Ann. art. 1731a (Vernon 1962); *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369, 372 (Tex. Civ.App.—Dallas 1975) *writ ref'd n.r.e.*, 535 S.W.2d 343 (Tex.1976) (per curiam), *rev'd and remanded on other grounds on appeal after remand*, 550 S.W.2d 736 (Tex.Civ.App. —Dallas 1977).

AFFIRMED.