**JIM FOX ENTERPRISES, INC.,**
Plaintiff-Appellant,

v.

**AIR FRANCE, Defendant-Appellee.**

No. 81–1209
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1981.

Brown & Stucker, Michael W. Stucker, Dallas, Tex., for plaintiff-appellant.

Royal H. Brin, Jr., Dallas, Tex., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Jim Fox Enterprises, Inc. (Fox), a Texas Corporation, filed this suit sounding in breach of warranty against Air France, a foreign corporation. Jurisdiction rests on diversity of citizenship of the parties. The plaintiff seeks to establish personal jurisdiction over the defendant by coupling the provisions of Rule 4(e) of the Federal Rules of Civil Procedure[1] and the Texas Long-arm authority, article 2031b of the Texas Revised Civil Statutes. The District Court granted Air France's motion to dismiss for want of personal jurisdiction because of inadequate service of process under the Texas Long-arm statute. We affirm this holding, but instead of dismissing the case, we remand to permit Fox to obtain valid service of process under the Federal (not state) Rules.

The scholarly opinion by the District Judge, as well as our recent opinion in *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260 (5th Cir. 1981), make clear that as authoritatively construed by Texas courts, the Texas long-arm statute requires some nexus between the cause of action and

---

**1.** "Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule."

the defendant's contacts with Texas.[2] This requirement means that Texas does not reach nearly as far as Due Process would permit. Fox concedes that its claim does not relate to Air France's business in Texas. As a result of this anachronistic but made-in-Texas statutory provision, Air France, a foreign corporation that undoubtedly does substantial business in Texas and has "minimum contacts" galore, *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), nonetheless, under the Texas statute, slips through the fingers at the end of the Long-arm.

But affirming, as we do, this holding, should the case be *dismissed*, only to start it all over with the risk of statute of limitations and the like, when in great likelihood valid service can be otherwise obtained?

■ By analogy to F.R.Civ.P. 8(a) on statement of a claim, the availability of proper service turns into the question whether there is *any* possibility, *see Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *Barber v. M/V BLUE CAT*, 372 F.2d 626 (5th Cir. 1967), *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505 (5th Cir. 1971), that Fox may meet the requirements of Rule 4(d)(3) and thus save its complaint from an early jurisdictional grave. If so, then we must not dismiss.

**2.** Article 2031b provides:

2. When any foreign corporation . . . shall engage in business in this state, in any action in which such corporation . . . is a party or is to be made a party *arising out of such business*, service may be made . . . .

*See U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex.1977), *cert. denied*, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978); Note, "Long-Arm Jurisdiction: Rule 108 as an Alternative to 'Doing Business' Under Article 2012b," 30 Baylor L.Rev. 99 (1978).

**3.** Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

\* \* \* \* \* \*

(3) Upon a domestic or foreign corporation . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent. . . .

Completely overlooked by both the Court and the parties is another possible, perhaps likely route to federal jurisdiction. Fox served process under the Texas Long-arm statute, recognized by Rule 4(e), F.R.Civ.P. *Atwood Hatcheries v. Heisdorf & Nelson Farms*, 357 F.2d 847, 849 (5th Cir. 1966); *see also Great Western United Corp. v. Kidwell*, 577 F.2d 1256 (5th Cir. 1978), *rev'd on other grounds*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979); C. Wright & A. Miller, *Federal Practice & Procedure* Civil §§ 1112, 1114 (1969); 2 Moore's *Federal Practice* ¶ 4.41–1[13], at 4–466 (2d ed. 1980). Rule 4(d)(3),[3] however, establishes a purely *federal* means of service of process upon a domestic *or foreign* corporation.[4] A party may serve an officer, a managing or general agent of the corporation, subject only to the restrictions of Due Process.[5]

Since the District Judge expressly found that the Constitution "does not prohibit [Fox's] particular choice of a forum", any possible future problems will revolve around the definition of "managing or general agent". In the volumes of decisions that analyze that very question, the courts have established the proposition that one invested with general powers involving the exercise of independent judgment and discretion is such an agent. *Lone Star Package Car Co. v. Baltimore & Ohio R.R.*, 212 F.2d 147 (5th Cir. 1954). *See* Wright & Miller § 1103 and cases cited.[6] Of particu-

**4.** *See Allan v. Brown & Root, Inc.*, 491 F.Supp. 398 (S.D.Tex.1980); *Edwards v. Gulf Mississippi Marine Corp.*, 449 F.Supp. 1363 (S.D.Tex. 1978)("[S]ervice was effectively executed under Rule 4(d)(3) . . . service pursuant to article 2031b would not be necessary because a federal mode of service is prescribed, and its requisites are met"); *see also* Wright & Miller § 1103; 2 Moore's ¶ 4.22, at 4–185.

**5.** Rule 4(f), F.R.Civ.P. expressly permits service anywhere within the state in which the District Court sits.

**6.** *See, e. g., Koupetoris v. Konkar Intrepid Corp.*, 535 F.2d 1392 (2nd Cir. 1976)(shipowner's New York agent); *Cohen v. Newsweek, Inc.*, 312 F.2d 76 (8th Cir. 1963)(personnel director); *Mattes v. National Hellenic American Line, S.A.*, 427 F.Supp. 619 (S.D.N.Y.1977)(vessel's husbanding agent); *PPS, Inc. v. Jewelry Sales Representatives*, 392 F.Supp. 375 (S.D.N.Y.1975)(exclusive local sales representative);

lar note, the agent of a foreign airline selling tickets has been held to be a "managing agent".[7]

To judge by Air France's own admissions, the airline appears to do a thriving business in Texas. It operates a ticket office at Houston's Intercontinental Airport, from which it flies Boeing 747s (capable of holding from 310 to 490 passengers) to Paris four times a week. Indeed, at least one member of this Court has flown on Air France from Houston to Paris. Air France also has a District Sales Office in downtown Houston. It lists six local telephone numbers as well as a toll-free "800" number in the Houston telephone directory. Additionally, the airline leases Texas real estate, employs Texas residents, maintains Texas Workman's Compensation Insurance, and pays Texas employment and personal property taxes. For the period 1975 through 1980, Air France reaped gross receipts from passenger ticket sales in Texas in excess of $59,000,000.[8]

We do not deny the *Prejean* holding its due, nor do we in any way expand the Texas Long-arm statute beyond its present not-so-long arm's length. We merely point out that there is more than one way to skin a cat or, in this case, a Fox, and that appellant perhaps can effectuate service by using the federal service of process authority, Rule 4(d)(3). Obviously, full discovery by interrogatories, requests for admissions, and pretrial depositions is to be permitted to establish judicially all relevant facts.

Given that there is every likelihood that Fox can establish these facts, we remand, in accordance with *Stanga v. McCormick Shipping Lines*, 268 F.2d 544, 554 (5th Cir. 1959),

to permit the company to make valid service upon Air France.

REMANDED.

---

*Stanley Works v. Globemaster, Inc.*, 400 F.Supp. 1325 (D.Mass.1975)(branch manager of corporate subsidiary); *Car-Freshner Corp. v. Broadway Mfg. Co.*, 337 F.Supp. 618 (S.D.N.Y. 1971)(shop foreman); *American Football League v. National Football League*, 27 F.R.D. 264 (D.Md.1961)(football coach).

7. *Scholnik v. National Airlines, Inc.*, 219 F.2d 115 (6th Cir.), *cert. denied*, 349 U.S. 956, 75 S.Ct. 882, 99 L.Ed. 1280 (1955); *Benham v. World Airways, Inc.*, 253 F.Supp. 588 (D.Haw.

1966); *Wahl v. Pan American World Airways, Inc.*, 227 F.Supp. 839 (S.D.N.Y.1964); *Del Sesto v. Trans World Airlines, Inc.*, 201 F.Supp. 879 (D.R.I.1962).

8. Information contained in Air France's responses to Fox's interrogatories.