**PLACID INVESTMENTS, LTD.,
Plaintiff-Appellant,**

v.

**GIRARD TRUST BANK,
Defendant-Appellee.**

No. 81–1273.

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1982.

A. B. Conant, Jr., Dallas, Tex., for plaintiff-appellant.

Michael W. Stucker, Dallas, Tex., for Jim Fox Enterprises amicus curiae.

Royal H. Brin, Jr., Dallas, Tex., for Air France amicus curiae.

Strasburger & Price, Wilson W. Herndon, Dallas, Tex., Dechert, Price & Rhoads, Raymond W. Midgett, Jr., Philadelphia, Pa., for defendant-appellee.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion December 7, 1981, 5th Cir.
1981, 662 F.2d 1176).

Before GEE and RUBIN, Circuit Judges, and SPEARS *, District Judge.

GEE, Circuit Judge:

The lengthy pendency of motion for rehearing in this appeal, which we regret, has been occasioned by the progress of another in the Supreme Court of Texas.

Our original opinion was handed down December 7, 1981. 662 F.2d 1176. In it we held, consonant with our precedent of *Prejean v. Sonatrach, Inc.,* 652 F.2d 1260 (5th Cir. 1981), that the Texas long-arm statute was to be applied as written, so as to limit personal jurisdiction to " 'any action ... arising out of [business engaged in within the state.]' " *Id.* at 1265. Obedient to *Prejean*'s holding, we said:

> "Placid first argues that its cause of action need not arise out of specific Texas contacts in order to create jurisdiction under article 2031b. That argument is foreclosed by *Prejean,* and this court is bound by it."

662 F.2d at 1178.

The following February 24, a divided Texas Court handed down its opinion in *Hall v. Helicol,* 25 Tex.Sup.Ct.J. 190 (1982), citing established authority—including ours—on the issue before us: the reach of the Texas long-arm service statute, Vernon's Annotated Civil Statutes, Article 2031b. In the majority opinion appears lan-

* District Judge of the Western District of Texas, sitting by designation.

guage indicating a disposition on the part of that court—our master as to the construction to be accorded Texas law—to relax somewhat the rigid requirement of Article 2031b, applied literally by us in *Prejean*, e.g.:

> "We recognize that a nexus between the cause of action and the defendant's contacts with the forum state is not a rigid due process requirement. It is, however, a significant factor to be considered when evaluating the fairness of the exercise of jurisdiction in a given case. A cause of action asserted against a nonresident defendant that does not arise out of something done in the forum state compels proof of more pervasive contacts with the forum than a cause of action that is connected with the defendant's activities in the state. *Cornelison v. Chaney*, 16 Cal.3d 143, 127 Cal.Rptr. 352, 545 P.2d 264, 266 (1976). *See also Vencedor Manufacturing Co., Inc. v. Gougler Industries, Inc.*, 557 F.2d 886, 889 (1st Cir. 1977). As the relationship between the cause of action and the defendant's purposeful activity in the state grows more tenuous, the plaintiff faces an ever-increasing burden of showing contacts with the forum sufficient to justify the exercise of jurisdiction."

25 Tex.Sup.Ct.J. at 192. Three dissenting Justices would have gone further. The parties duly called our attention to this development and, considering this shading away from our established rule by a divided Texas court, we awaited the action of that court on rehearing. On July 21, 1982, it came.[1]

Sweeping aside many of its established precedents (and ours) and clarifying others, the Texas Court withdrew its former opinion, reversed its judgment, and extended the reach of Article 2031b to the limits of due process. 25 Tex.Sup.Ct.J. 454, 638 S.W.2d 870 (Tex.1982). Representative language is

> [In a prior holding] this Court approved the three-prong test set out in *O'Brien v.*

*Lanpar Company*, 399 S.W.2d 340 (Tex. 1966). That three-prong test is:

(1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) the cause of action must arise from, or be connected with, such act or transaction; and

(3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice; consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

The second prong of the *O'Brien* test requiring that the cause of action must arise out of the contacts with the forum state, has been the subject of some controversy ever since the *O'Brien* test was adopted. The second prong is useful in any fact situation in which a jurisdiction question exists; and is a necessary requirement where the nonresident defendant only maintained single or few contacts with the forum. However, the second prong is unnecessary when the nonresident defendant's presence in the forum through numerous contacts is of such a nature, as in this case, so as to satisfy the demands of the ultimate test of due process. Accordingly through the statutory authority of Art. 2031b Tex. Rev.Civ.Stat.Ann. there remains the single inquiry: is the exercise of jurisdiction consistent with the requirements of due process of law under the United States Constitution?

*Id.* at 456. Three Justices dissented, citing in support of their views, among other precedents, our *Prejean* opinion and our earlier opinion in this case. Thus there can be no doubt that our earlier views no longer accord with Texas authority.

---

1. And on October 6, 1982, the motion for rehearing directed to the court's second opinion, that on rehearing, was overruled, so that it is now final.

**1220**

The district court in our case has already found as a fact that Girard "does business" in Texas. It necessarily did so, however, without reference to or application of the new Texas rule now announced. If the case is to be tried here, a remand is obviously necessary. We therefore grant rehearing, withdraw our former opinion, VACATE the order of dismissal, set aside the findings below, and REMAND the cause for further proceedings consistent herewith. It is so ORDERED.

In all other respects, treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the suggestion for Rehearing En Banc is DENIED.