**JIM FOX ENTERPRISES, INC.,**
**Plaintiff-Appellant,**

v.

**AIR FRANCE, Defendant-Appellee.**

**No. 81–1209.**

United States Court of Appeals,
Fifth Circuit.

May 23, 1983.

Brown & Stucker, Michael W. Stucker, Dallas, Tex., for plaintiff-appellant.

A.B. Conant, Jr., Dallas, Tex., for amicus curiae Placid Investments.

Wilson W. Herndon, Dallas, Tex., Raymond W. Midgett, Jr., Philadelphia, Pa., for amicus curiae Girard Trust Bank.

Royal H. Brin, Jr., Dallas, Tex., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

**740**

JOHN R. BROWN, Circuit Judge:

Our original opinion was handed down December 14, 1981. 664 F.2d 63 (5th Cir. 1981). We affirmed the District Court's granting of Air France's motion to dismiss for want of personal jurisdiction because of inadequate service of process under the Texas Long-arm Statute.[1] In so holding, we relied on Texas decisions reflected in our opinion in *Prejean v. Sonatrach, Inc.,* 652 F.2d 1260 (5th Cir.1981), which applied literally Article 2031b to require a nexus between the cause of action asserted and the defendant's contacts with Texas. Because we found no such nexus, we affirmed the holding, but remanded the matter to permit Fox to obtain valid service of process under F.R.Civ.P. 4(d)(3).[2]

▇▇ Subsequent to our opinion in *Fox,* the Texas Supreme Court significantly altered the requirements of Article 2031b in *Hall v. Helicopteros Nationales De Columbia, S.A.,* 638 S.W.2d 870 (Tex.1982).[3] The Texas court's decision and its impact on *Prejean* is ably analyzed in *Placid Investments, Ltd. v. Girard Trust Bank,* 689 F.2d 1218 (5th Cir.1982) (granting petition for rehearing).

In light of *Hall,* there is little doubt that our earlier view of Article 2031b is no longer in accord with Texas authority. Nevertheless, we decline to grant rehearing on the petition of Air France in this matter since we previously ordered remand.

In *Hall,* the Texas Supreme Court recognized that corporations such as Air France are amenable to service of process under Article 2031b and extended the grasp of the Texas Long-arm Statute to the limits of due process by holding, "Accordingly through the statutory authority of Article 2031b Tex.Rev.Civ.Stat.Ann. there remains a single inquiry: is the exercise of jurisdiction consistent with the requirements of due process of law under the United States Constitution?" 638 S.W.2d at 872. In *Fox,* the Trial Court expressly found that due process would not be offended by suit in Texas against Air France because of its substantial presence in Texas.[4] The District Court having thus answered the sole jurisdictional question posed by the Texas Court in *Hall,* it is clear that under the Texas Supreme Court's new interpretation of Article 2031b, Air France is amenable to

1. Tex.Rev.Civ.Stat.Ann. Art. 2031b provides:
 2. When any foreign corporation ... shall engage in business in this state, in any action in which such corporation ... is a party or is to be made a party *arising out of such business,* service may be made .... *See U-Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760 (Tex.1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978); Note, "Long-Arm Jurisdiction: Rule 108 as an Alternative to 'Doing Business' Under Article 2012b," 30 Baylor L.Rev. 99 (1978).

2. Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
 \* \* \* \* \* \*
 (3) Upon a domestic or foreign corporation ... by delivering a copy of the summons and of the complaint to an officer, a managing or general agent....

3. We note that on March 7, 1983, the United States Supreme Court granted a writ of certiorari in *Hall,* —— U.S. ——, 103 S.Ct. 1270, 75 L.Ed.2d 493 (1983). Since the writ was granted on two points raising federal constitutional claims based on the facts of *Hall,* we have

considerable doubt that the decision will affect the legal principle of the construction of the Texas Long-arm Statute.

4. In affirming this obviously well-founded finding we catalogued Air France's myriad contacts:

 To judge by Air France's own admissions, the airline appears to do a thriving business in Texas. It operates a ticket office at Houston's Intercontinental Airport, from which it flies Boeing 747s (capable of holding from 310 to 490 passengers) to Paris four times a week. Indeed, at least one member of this Court has flown on Air France from Houston to Paris. Air France also has a District Sales Office in downtown Houston. It lists six local telephone numbers as well as a toll-free '800' number in the Houston telephone directory. Additionally, the airline leases Texas real estate, employs Texas residents, maintains Texas Workmen's Compensation Insurance, and pays Texas employment and personal property taxes. For the period 1975 through 1980, Air France reaped gross receipts from passenger ticket sales in Texas in excess of $59,000,000.
 664 F.2d at 65.

service of process under the state's long-arm statute.[5] Air France having thus been found amenable to the jurisdiction of the Texas courts, this Court is left with the sole question of the adequacy of service of process on Air France.[6]

 In *Fox,* we remanded to allow appellant to attempt federal service of process under F.R.Civ.P. 4(d)(3).[7] This Court did not, as Air France asserts, utilize Rule 4(d)(3) to confer jurisdiction. Thus, our decision left undisturbed Judge Friendly's universally-adopted decision in *Arrowsmith v. United Press International,* 320 F.2d 219 (2d Cir.1963), which holds that Rule 4(d)(3) is a means, a procedural method, for acquiring, but not conferring jurisdiction. We, therefore, do not retreat from our analysis of Rule 4(d)(3) in *Fox* and reemphasize that the rule provides an alternative, purely *federal* means of service of process upon domestic or foreign corporations.[8]

In *Placid,* there was uncertainty as to whether service was obtained by any means other than Article 2031b. That uncertainty, combined with the necessity for determining whether the District Court's finding that Girard "does business" in Texas comports with the Texas Supreme Court's due process interpretation of Article 2031b, mandated rehearing. Here, the District Court has spoken—and we have echoed—on the issue of due process, and this Court has previously remanded to permit Fox to make valid service upon Air France under Rule 4(d)(3) and now under the long-arm statute if it desires. We, therefore, deny rehearing,

---

**5.** It has been suggested that Air France may also be amenable to the jurisdiction of the Texas courts under Tex.Civ.Proc.Rules Ann.R. 108 (Vernon 1979), independent of the special requirements of Article 2031b. *Fox v. Fox,* 559 S.W.2d 407, 409 (Tex.Civ.App.1977) ("Rule 108 may be construed as a long-arm statute by which personal jurisdiction may be obtained ...".) *See also Grantham v. Aetna Life & Casualty,* 455 F.Supp. 440, 441 (N.D.Tex.1978).

Rule 108 sets out the procedure for serving notice on a nonresident defendant. It provides:

Defendant served with such notice shall be required to appear and answer in the same manner and time and under the same penalties as if he had been personally served with a citation within this state to the full extent that he may be required to appear and answer under the Constitution of the United States in an action either in rem or in personam.

Under this interpretation, Air France's contacts with Texas, though they do not give rise to the present cause of action, afford a basis for personal jurisdiction if those contacts were "continuous and systematic." *See supra* note 4.

This Court has rejected this interpretation. *Wyatt v. Kaplan,* 686 F.2d 276 (5th Cir.1982); *Placid Investments v. Girard Trust Bank,* 662 F.2d 1176, 1179 (5th Cir.1981). We do not depart from our position here and do not suggest that Rule 108 be relied on here.

**6.** [A]nalysis of personal jurisdiction is based on a combination of two elements, amenability to jurisdiction and service of process. By amenability we refer to the substantive reach of the forum's jurisdiction. Service of process is the physical means by which jurisdiction is asserted.... Both service and amenability must be present to authorize a district court to adjudicate the rights of the parties. *Terry v. Raymond International, Inc.,* 658 F.2d 398, 401 (5th Cir.1981).

**7.** "Under the Federal Rules of Civil Procedure, either federal or state methods of service of process are authorized." *Terry,* 658 F.2d at 401. *See* F.R.Civ.P. 4. We affirmed the District Court because Fox's service on Air France, under the Texas Long-arm statute was invalid under the Texas Supreme Court's earlier interpretation of Article 2031b. Under its new interpretation, service under the long-arm statute would be proper. We, therefore, validate Fox's original service of process on Air France and stress that *both* Rule 4(d)(3) and now Article 2031b are available to effectuate service of process.

**8.** *See Allan v. Brown & Root, Inc.,* 491 F.Supp. 398 (S.D.Tex.1980); *Edwards v. Gulf Mississippi Marine Corp.,* 449 F.Supp. 1363 (S.D.Tex. 1978) ("[S]ervice was effectively executed under Rule 4(d)(3) ... service pursuant to article 2031b would not be necessary because a federal mode of service is prescribed, and its requisites are met"); *see also* 2 J. Moore, Moore's Federal Practice (2d ed. 1976) ¶ 4.22.

Under Rule 4(d)(3), a party may serve an officer, or a managing or general agent of the corporation, subject only to the restrictions of due process. Moreover, federal, not state, standards define who such agents are. *Washington v. Norton Manufacturing, Inc.,* 588 F.2d 441 (5th Cir.) *cert. denied,* 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313 (1979). *See* 4 C. Wright & A. Miller, Federal Practice and Procedure § 1103; *cf., National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964).

withdraw in part our former opinion affirming the District Court's dismissal of the Fox claim, vacate the order of dismissal, and remand the case for further proceedings consistent herewith. The Petition for Rehearing having been DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16) the Suggestion for Rehearing En Banc is DENIED.