**TEKNEKRON MANAGEMENT, INC., a Nevada corporation, Plaintiff,**

v.

**QUANTE FERNMELDETECHNIK GmbH, a German corporation, and DOES I through 10, inclusive, Defendants.**

**No. CV–N–86–481–ECR.**

United States District Court,
D. Nevada.

Feb. 20, 1987.

Richard Bennett, Gregg M. Zive, William C. Davis, Reno, Nev., and Frank E. Merideth, Jr., Bonita L. Churney, Los Angeles, Cal., for plaintiff.

William E. Peterson, Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., Michael M. Carlson, Gayle J. Gribble, Morrison & Foerster, San Francisco, Cal., and Rainer Kohler, P.C., Needham, Mass., for defendants.

### ORDER

EDWARD C. REED, Jr., Chief Judge.

This action arises out of a stock purchase agreement entered into by Teknekron and Quante Fernmeldetechnik of West Germany (Quante-D). The parties presently disagree as to their respective obligations under that contract. In order to resolve those differences, Teknekron commenced the present action in August, 1986, by filing a complaint for declaratory relief in the Second Judicial District Court of the State of Nevada. In October of that same year, Quante-D removed that state court action to this Court based upon diversity of citizenship. Concurrent with that removal petition, Quante-D moved to dismiss this action for insufficient service of process or in the alternative to dismiss for lack of jurisdiction over the person.

In making its initial service of process on Quante-D in West Germany, the plaintiff apparently mailed the complaint through the normal postal channels. Thereafter, the plaintiff realized that its service through the mail was defective, and utilized the procedure set forth in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, January 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163 (the Hague Convention). In so doing, however, the plaintiff failed to translate the entire document which it served, in that a large exhibit attached to the complaint was left in the original English. By virtue of the failure to translate the entire document, the defendants contend that the plaintiff has still failed to comply with the Hague Convention, and that service must be quashed.

### DISCUSSION

When an American plaintiff attempts to serve a party located within one of the countries which is a signatory to the Hague Convention, service must be effected strictly according to the procedures set forth in that treaty. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 575 (4th Cir. 1983). Articles two through six of the Hague Convention indicate that each signatory shall designate a "central authority" through which foreign plaintiffs may channel service of process. When the central authority receives such a request for service of process, it either serves the documents itself, or arranges for their service

according to that country's own regular procedure. Hague Convention, Art. 5.

Article ten of the Convention also provides that process may be sent through normal postal channels unless the signatory state objects to such procedure. West Germany has specifically objected to service through the mails. As a result, an American plaintiff must resort to the West German central authorities in order to effect service. *See Harris v. Browning-Ferris Industries Chemical Service,* 100 F.R.D. 775, 776 (M.D.La.1984); 28 U.S.C.A. Fed.R.Civ.P. 4, app. at 101 (West Supp. 1986). In addition to the requirement that its "central authorities" be used, West Germany also requires that all documents served be translated into the German language. *See Vorhees, supra,* at 575; 28 U.S.C.A. Fed.R.Civ.P. 4, app. at 100 (West Supp.1986). Unless the documents are fully translated into German, American courts have found service of process on German defendants insufficient under the Convention. *Id.*

 In the present case, the plaintiff's initial service on the defendants was clearly improper, in that service was simply mailed to Quante-D in West Germany. The plaintiff, recognizing its error, then attempted to effect service according to the treaty. In so doing, however, it failed to translate a lengthy contract which was attached as an exhibit to the complaint. Under both Federal and Nevada procedure, such an exhibit is considered part of the complaint. *See* Fed.R.Civ.P. 10(c); N.R.C.P. 10(c). Because it was also part of the complaint, the exhibit should also have been translated into German for service to be effective. The defendants' motion to dismiss for insufficient service of process must therefore be granted.

Courts have regularly held, however, that instead of dismissing the entire action for insufficient service, service should simply be quashed, allowing the plaintiff to serve properly. *See Vorhees, supra,* at 576; *Jim Fox Enterprises, Inc. v. Air France,* 664 F.2d 63, 65 (5th Cir.1981). The Court will thus treat the defendants' mo-

tion for dismissal as a motion to quash service. In addition, in view of the insufficiency of service in this case, it would be premature for the Court to decide the motion to dismiss for lack of personal jurisdiction. If service is later effected properly by the plaintiff, the defendants may renew their motion on this count by incorporation.

IT IS, THEREFORE, HEREBY ORDERED that the defendants' motion to quash service of process for failure to comply with the Hague Convention is granted.

IT IS FURTHER ORDERED that the defendants' motion to dismiss for lack of jurisdiction over the person is denied as moot. The defendants may renew this motion by incorporation if service is properly effected at a later time.