Cosmo Macera *vs.* Antonio Mancini & others.

Middlesex.     February 8, 1951. — July 5, 1951.

Present: Qua, C.J., Lummus, Spalding, Williams, & Counihan, JJ.

*Equity Pleading and Practice,* Master: report of evidence, recommittal.

Recommittal to a master for a report of evidence in support of exceptions
to his report raising mere questions of fact is discretionary with the
court which appointed him.
A party not complying with the requirements of the second sentence of
the second paragraph of Rule 90 of the Superior Court (1932) is not
entitled as of right to a summary of evidence in support of an excep-
tion to a master's report raising the question whether the evidence
was sufficient as a matter of law to support a finding made by him.
No error in the denial of a motion to recommit to a master for a summary
of evidence under Rule 90 of the Superior Court (1932) appeared
where an affidavit filed under Rule 46 did not sufficiently show what
a proper summary would be and there was no finding by the judge
hearing the motion as to the truth of the statements in the affidavit.

Bill in equity, filed in the Superior Court on June 1,
1949.

The suit was heard by *O'Brien,* J., upon a master's report.
A motion by the defendants to recommit was denied, the
report was confirmed, and a final decree in favor of the
plaintiff was entered.   The defendants appealed.

*H. Lawlor,* for the defendants.

*C. A. De Bonis,* (*P. B. Livingstone* with him,) for the
plaintiff.

Counihan, J.   This is a suit in equity to establish an
express trust in certain real estate.   It was referred to a
master under Rule 86 of the Superior Court (1932) "to hear
the parties, find the facts and report his findings to the
court, together with such questions of law, arising in the
course of his duty, as any party may request."

The findings of the master so far as here material are

substantially as follows: In October, 1939, one Salvatore Macera, the father of the plaintiff, was the owner of a two family dwelling house numbered 47 Mansfield Street in Somerville. He occupied the first floor with his wife Annina and their minor children, and the second floor was rented. On October 20, 1939, the Home Owners' Loan Corporation, hereinafter called the corporation, foreclosed a mortgage it held upon this property and itself took title. Salvatore was then in financial difficulties and arranged with Antonio Mancini, one of the defendants and a close personal friend for many years, to have Antonio buy the property from the corporation and hold it for the benefit of Salvatore's son Cosmo, then a minor. Antonio took title to the property and gave a mortgage back to the corporation. Salvatore continued to occupy his tenement with his family until his death in March, 1940. Thereafter his widow and the family continued to live there. She collected rent of $32 monthly from the tenant upstairs which, together with $28 of her own funds, she monthly turned over to Antonio to meet the mortgage payments to the corporation of approximately $60 a month. In April, 1940, Annina consulted a lawyer regarding the arrangement between Salvatore and Antonio about this property. As a result the lawyer drew up an instrument setting forth the terms of the understanding, a copy of which is set forth below.[1] The lawyer took

[1] "Whereas, I, Antonio Mancini, of the City of Somerville in our County of Middlesex, am the present legal owner in fee of certain real estate hereinafter particularly described, and whereas, the equitable owner of the said real estate is now Cosmo Macera, of said City of Somerville, son of Salvatore Macera, now deceased, and for purpose of declaring such equitable ownership this present writing is executed:

"Now therefore, know ye that I, the said Antonio Mancini, as well in consideration of the sum of one dollar unto me in hand paid by the said Cosmo Macera, receipt whereof is hereby acknowledged, as of other good and valuable causes and considerations me hereunto moving, and also having unto me heretofore from the said Salvatore Macera moved, do by these presents make known, admit, and declare that I now stand seised of the following real estate, to wit: a certain parcel of land with the buildings thereon situated in said Somerville being shown as Lot 60 on a Plan of building lots owned by Nathan Tufts Heirs, dated March 16, 1888, filed in Middlesex South District Deeds, in Plan Book 57, Plan 34, bounded and described as follows: Westerly by Mansfield Street, forty (40) feet; Northerly by Lot 61, as shown on said Plan, eighty-five (85) feet; Easterly by Lot 65, as shown on said Plan, forty (40) feet; Southerly by Lot 59, as shown on said Plan, eighty-five (85) feet; being the same premises to me conveyed by deed

this instrument to Antonio and explained it to him fully, and Antonio willingly signed it. The original signed instrument was given to Annina and a copy to Antonio and another copy was retained by the lawyer. In the early part of 1943 Antonio induced Annina to turn the original over to him, because he told her that as a welfare recipient it was unwise for her to have the trust instrument in her possession. Neither the original nor the copy of it given to Antonio was produced at the hearing before the master. Antonio denied that he ever executed this instrument, but the master found specifically that the copy produced before him was a true copy of the original which had been executed by Antonio. The master further found that on various occasions up to April, 1949, Antonio assured Annina that

of Home Owners' Loan Corp. dated the 29th day of November, 1939, and recorded in Middlesex Registry of Deeds December 8, 1939; including as part of the realty all portable or sectional buildings at any time placed upon the said premises and all furnaces, ranges, heaters, plumbing, gas and electric fixtures, screens, mantels, shades, screen doors, storm doors and windows, oil burners, gas or electric refrigerators and all other fixtures of whatever kind or nature at present or hereafter installed in or on the granted premises in any manner which renders such articles usable in connection therewith so far as the same are or can, by agreement of parties, be made a part of the realty; to and for the only proper use and behoof of the said Cosmo Macera, his heirs and assigns;

"And I further declare that I do herewith agree with the said Cosmo Macera, his heirs and assigns, that so long as I do so stand seised of the legal title of the said real estate, I shall and will act as trustee and will collect all the rents and profits to be derived from the said real estate, and from the proceeds thereof will pay the indebtedness now encumbering the said real estate, and if there be any funds therefrom remaining, these I shall hold in trust for the said Cosmo Macera, his heirs or assigns; all of which I will do without expectation on my part of any payment or remuneration of any nature whatsoever from the said Cosmo Macera;

"And, further, I do for myself, my heirs, executors, and administrators, hereby covenant and agree with the said Cosmo Macera, his heirs and assigns, that I shall and will at the request of the said Cosmo Macera, his heirs or assigns, execute and deliver a good deed or deeds unto such person or persons as the said Cosmo Macera, his heirs or assigns, may direct, granting and conveying unto such person or persons the above described real estate, either in whole or in part, in fee simple.

"In witness whereof, I, Antonio Mancini, of the City of Somerville in our County of Middlesex, do hereto affix my hand and seal this twenty-sixth day of April in the year of Our Lord nineteen hundred and forty.

        /s/    Antonio Mancini      his
        /t/    Antonio Mancini      seal

Signed, sealed and delivered in the presence of:

/s/    Patsy Mancini
.s/ .  Cosmo De Bonis"

she could have the property whenever she paid him the money he had put into it. By deed dated April 26, 1949, Antonio conveyed the property to the other defendants, his son Frank and the son's wife Mary, without consideration other than love and affection. Cosmo, then an adult, learned of this transaction and through the same lawyer who had drawn the instrument made demand on Antonio for a conveyance to him of the property after an accounting. This demand was refused. The master made other findings not material to the issues here involved and stated the account between the parties.

The defendants filed numerous objections to the master's report and in writing requested the master to "append to . . . [his] report, for the purpose of enabling the court to determine certain questions of law, a brief, accurate and fair summary of so much of the evidence as shall be necessary for this purpose." The master disposed of this request by including in his certificate the following: "Because of the findings made in said report and the nature of the objections of the defendants I decline to furnish said summary of evidence unless ordered to do so by the court." Thereafter the defendants filed a motion to recommit the master's final report.

From the denial of this motion by the judge, the interlocutory decree confirming the master's report, and the final decree granting the plaintiff the relief sought, the defendants appeal.

There was no error.

In the motion to recommit there appears a recital to the effect that there was compliance with the second sentence of the second paragraph of Rule 90 of the Superior Court (1932) relative to the selection and approval of a stenographer by the master and the furnishing of a transcript to him of so much of the evidence as was material. The evidence is not reported and nowhere else in the record does it appear that there was compliance with that part of Rule 90. We must assume therefore that the defendants failed to comply with this rule.

There was also an affidavit purportedly as required by Rule 46 of the Superior Court (1932), but in it the additional evidence relied upon or a fair summary of it is incorporated by reference to the "objections to the master's final report." These objections contain general statements relative to the absence of findings by the master and cannot be considered as a summary of the evidence upon which the defendants relied to require recommittal.

Substantially all of the objections, which by Rule 90 became exceptions, relate to questions of fact, and it has been said, "Whether, or how far, findings of fact made by a master shall be subjected to analysis by recommitting the case to him with directions to report subsidiary facts or evidence by which the correctness of his findings in point of fact may be tested, is discretionary with the court that appointed him." *Epstein* v. *Epstein*, 287 Mass. 248, 254. *Pearson* v. *Mulloney*, 289 Mass. 508, 513. *Buckley & Scott Utilities, Inc.* v. *Petroleum Heat & Power Co.* 313 Mass. 498, 507–508. *Patterson* v. *Simonds*, 324 Mass. 344, 351. There was no abuse of discretion here.

The other objections appear to raise questions as to whether the evidence was sufficient to support findings made by the master as matter of law. But, as we have said, in order to bring up these questions there must be full compliance with Rule 90. That rule requires the master to report summaries of evidence only under the rule set forth. *Russo* v. *Thompson*, 294 Mass. 44, 46–47. *Buckley & Scott Utilities, Inc.* v. *Petroleum Heat & Power Co.* 313 Mass. 498, 507–508. No objections appear to relate to questions of law arising upon rulings upon evidence made by the master during the hearings or other rulings relating to the conduct of the hearing. See *Buckley & Scott Utilities, Inc.* v. *Petroleum Heat & Power Co.* 313 Mass. 498, 507–508.

No objections as to questions of law therefore are properly before us. But disregarding the point of the sufficiency of the affidavit the defendants still may not prevail. All that appears in the record is the bare denial of the motion to recommit. There is no finding as to the truth of the

statements in what purported to be the affidavit. The situation is similar to that in *Minot* v. *Minot,* 319 Mass. 253, where it was said at pages 260–261, "Even if the affidavit was in proper form, on appeal from the denial of the motion to recommit the appellant must show error upon the face of the record. The bare denial of such a motion, as in this case, without any express finding that the affidavit is either true or untrue, does not enable this court on appeal to assume its truth. . . . Upon the record before us, no error in the denial of the motion to recommit for a further or better summary is shown."

There was no error in the entry of the interlocutory decree confirming the master's report and the final decree. The findings of the master are not inconsistent, contradictory, or plainly wrong. *Broderick* v. *Broderick,* 325 Mass. 579, 582.

In view of what we have said, we need not consider other contentions of the defendants which do not appear to be properly before us.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*