**POLLAK BROS., Inc., Plaintiff,**

v.

**LEO–TEX CO., Inc., Defendant and Third-Party Plaintiff,**
**U. S. FINISHING COMPANY, Third-Party Defendant.**

United States District Court
S. D. New York.
June 11, 1957.

Arthur Richenthal, New York City, for defendant and third-party plaintiff.

Alexander, Ash & Schwartz, New York City, for third-party defendant, for motion only. Edward Ash, New York City, of counsel.

LEVET, District Judge.

This is a motion to quash the return of a third-party summons and third-party complaint upon the ground that the third-party defendant, U. S. Finishing Company, was and is a corporation organized and existing under the laws of the State of New Jersey and having its principal office in New York and that the person served was not and is not an officer, director, stockholder, managing or general agent or employee, or otherwise authorized to receive service in its behalf.

These papers were served by a United States Deputy Marshal on Louis Joffe, an attorney, at 1740 Broadway, New York City. An attorney for the third-

party plaintiff (Leo-Tex Co., Inc.) in an affidavit states that said Deputy Marshal who served the papers told said attorney for the third-party plaintiff that Louis Joffe so served had told the Deputy Marshal that he was authorized to accept service. Joffe, by affidavit, disclaims any authority to accept service for the third-party defendant, referred to in Paragraph 2 of the third-party complaint as a New Jersey corporation with its principal office in New York, N. Y., etc.

The third-party plaintiff, Leo-Tex Co., Inc., opposes the motion and asks the court to hold this determination in abeyance pending examination of Joffe and Lloyd G. Wilson, reputed secretary of U. S. Finishing Company. Joffe, it is said, will not submit to examination and Wilson, now in Europe, will be back some time this month.

Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is as follows:

"(d) *Summons: Personal Service.* The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

\* \* \* \* \* \*

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

There is no competent proof that Joffe is an agent or other person authorized to be served or to accept service. In fact, the contrary appears. In such case where in fact not controverted, the af-

fidavit must be accepted as true. Thomas v. Furness (Pacific), Limited, 9 Cir., 1948, 171 F.2d 434, certiorari denied 337 U.S. 960, 69 S.Ct. 1522, 93 L.Ed. 1759.

No substantial reason therefore appears for holding the determination of this motion in abeyance until the above examination occurs. If Wilson is the secretary, he will no doubt be available for service.

Motion granted. So ordered.