STEPHEN H. FARLEY *vs.* P. SHAW SPRAGUE. March 24, 1977. The appeal is from the denial of the defendant's motion under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), to vacate a default judgment entered against him in the Superior Court on October 3, 1975; the only substantial basis for the motion was that the defendant was a resident of Florida (see G. L. c. 227, § 1, as in effect prior to St. 1973, c. 1114, § 124) on the date (February 16, 1974) when the summons of the writ was left at a Boston address described in the officer's return as the defendant's "last and usual place of abode" (see G. L. c. 223, §§ 29 and 31, as in effect prior to St. 1973, c. 1114, § 90; *Rogan* v. *Liberty Mut. Ins. Co.* 305 Mass. 186, 188 [1940]). It appears from the statement of the proceedings approved by the motion judge under Mass.R.A.P. 8(c), 365 Mass. 849 (1974), that the motion was heard and denied solely on (1) the documents already on file in the case, (2) affidavits submitted by (a) the defendant and (b) a business associate of the defendant, and (3) certain items of correspondence between the parties or their representatives (including counsel). There was no necessary inconsistency between the statements found in the return of service and the statements made in the affidavits subsequently filed by counsel for the plaintiff (on July 18 and October 3, 1975) in the course of securing the default, but it was clearly open to the judge to find (particularly from the defendant's affidavits) that the defendant had in fact been a resident of Florida when the only service was made in the

Rescript Opinions.

manner already described. The difficulty is that "[w]e do not know the actual reason(s) relied on by the judge in ... [denying] the motion. He was excused by the last sentence of Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), from making any findings or stating any conclusions of law, and he did not do either." *Pierce* v. *Board of Appeals of Carver,* 3 Mass. App. Ct. 352, 353, n.4 (1975), rev'd on other grounds, 369 Mass. 804 (1976). Contrast *Smith* v. *Arnold,* 4 Mass. App. Ct. 614, 616 (1976). The bare denial of the motion does not permit us to assume the truth of any of the evidence in the affidavits or correspondence (*Macera* v. *Mancini,* 327 Mass. 616, 621 [1951]), and the case is left in the posture that the denial of the motion can be explained on the ground that the judge was not bound to and did not believe that any of the defendant's evidence was credible. "For this reason alone the denial of the motion cannot be pronounced erroneous." *DeLuca* v. *Boston Elev. Ry.* 312 Mass. 495, 500 (1942).

*Order denying motion to vacate*
*judgment affirmed.*

*Thayer Fremont-Smith* for the defendant.
*Edward F. Novick* for the plaintiff.