STEPHEN H. FARLEY *vs.* P. SHAW SPRAGUE.

Middlesex. October 6, 1977. — February 16, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Jurisdiction*, Nonresident. *Practice, Civil,* Relief from judgment.

In a contract action begun in 1974 in Massachusetts, where it appeared that the defendant was defaulted for failure to appear and answer, and that final judgment was entered for the plaintiff and execution issued, but that later the defendant, appearing specially and without submitting to the court's jurisdiction, moved to vacate and set aside the judgment for lack of proper service and lack of jurisdiction, seeking relief pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), and filed affidavits alleging that he was presently living in Florida and had not lived or been a resident in Massachusetts since 1933, and alleging facts showing the insufficiency of service of process upon him, and where the plaintiff failed to controvert the allegations of the defendant's affidavits, this court reversed the order denying the defendant's motion for relief from the judgment, on the basis of numerous Federal and several Massachusetts precedents under the applicable rules of civil procedure, on the force and effect of uncontroverted affidavits of the moving party. [423]

CONTRACT. Writ in the Superior Court dated February 11, 1974.

A motion for relief from judgment was heard by *Connolly*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Thayer Fremont-Smith (John W. Burgess* with him) for the defendant.

*Edward F. Novick* for the plaintiff.

QUIRICO, J. This is an appeal from the denial of the defendant's motion under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), to vacate a default judgment obtained against him by the plaintiff in the Superior Court. The defendant challenges the action of the Superior Court judge in denying the motion and argues that because he was not a resident of this Commonwealth and the attempted service of process on him was improper the court acquired no jurisdiction over him and that therefore the default judgment is void.

The procedural background of the case is as follows. The plaintiff began this action in contract by a writ dated February 11, 1974, and returnable to the Superior Court on April 1, 1974, seeking recovery in the sum of $3,815 for work, labor, and materials allegedly furnished by him on a building of the defendant at 14 Otis Place in Boston. The return on the writ indicated that service was made on February 16, 1974, by leaving a summons at the defendant's "last and usual place of abode to wit; 14 Otis Street, Boston." Both parties agree that the service was in fact made at 14 Otis *Place,* in a building owned by the defendant and on which the work by the plaintiff was apparently done, and *not* at 14 Otis *Street,* which is in another part of Boston.

On March 25, 1974, plaintiff's counsel was informed by letter from Frederick B. Taylor, the defendant's financial adviser, that the summons had been brought to his office by the caretaker of 14 Otis *Place,* that he was enclosing and returning it therewith, and that since the defendant was a legal resident of Florida he should be contacted there.

The plaintiff, nevertheless, proceeded to obtain a default judgment against the defendant in the Superior Court on April 23, 1974, due to the defendant's failure to appear and answer. Notice of the default was mailed by the clerk to the defendant at 14 Otis *Street*, Boston, and, because such address had no connection with the defendant, the notice was returned to the court by the postal service undelivered. On July 18, 1975, pursuant to Mass. R. Civ. P. 55 (b) (4), 365 Mass. 822 (1974), the plaintiff filed a military affidavit stating that the defendant was not in the military service and was presently residing at 442 Seaspray Avenue, Palm Beach, Florida 33480. On October 3, 1975, the plaintiff filed a request for a default judgment and included therewith another affidavit that the defendant was not in the military service and was then residing at the above Florida address. Final judgment was entered on November 4, 1975, for $3,898.51 plus costs of $28.50. An execution was issued on November 7, 1975.

On November 17, 1975, counsel for the plaintiff notified the defendant of the default judgment by mailing such notification to him at the Florida address given in the military affidavits. On January 28, 1976, the defendant, appearing specially and without submitting to the court's jurisdiction, moved to vacate and set aside the judgment on the grounds of lack of proper service and lack of jurisdiction. After a hearing on February 6, 1976, a judge of the Superior Court denied the defendant's motion, from which denial the defendant appealed to the Appeals Court. The Appeals Court affirmed the default judgment. *Farley* v. *Sprague*, 5 Mass. App. Ct. 799 (1977). The defendant applied for further appellate review by this court and we granted the request. For the reasons stated below, we order that the default judgment be vacated.

The defendant's motion to set aside the judgment was filed pursuant to Mass. R. Civ. P. 60 (b), which provides in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following

reasons: . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment." In support of his motion the defendant filed two affidavits, one by him and the other by Frederick B. Taylor, to the effect that the defendant had not lived at 14 Otis Place, Boston, or been a resident of Massachusetts, since 1933. The plaintiff filed no counter affidavit as to the defendant's residence or any other issue. The motion was heard on the basis of the two affidavits filed by the defendant, a memorandum by him with accompanying copies of correspondence between the parties, and the various pleadings and documents theretofore filed with the clerk in the case. The pleadings and documents included the writ with the return of service thereon and the two military affidavits filed by the plaintiff. No testimony was presented at the hearing on the motion and the judge made no findings of fact.

It is the contention of the defendant that the judgment against him is void because the court never obtained jurisdiction over him as prescribed under G. L. c. 227, § 1, and c. 223, §§ 29 and 31, in effect prior to St. 1973, c. 1114, §§ 124 and 90, and applicable to the case at bar. General Laws c. 227, § 1, as it read at the time of the filing of the action against the defendant, provided that in cases where there had been no attachment of property, "[a] personal action shall not be maintained against a person not an inhabitant of the commonwealth unless he . . . has been served with process in the commonwealth . . . ." General Laws c. 223, §§ 29 and 31, provided that, in the absence of personal service on a defendant, a copy of the summons "shall be left at his last and usual place of abode, if he has any within the commonwealth known to the officer." Although the sheriff's return here described the address of 14 Otis Street, Boston, as the defendant's "last and usual place of abode," the defendant contends that such statement is not binding on him and that he is entitled to show he did not then reside in the Commonwealth. *Atlantic Nat'l Bank* v. *Hupp Motor Car Corp.*, 298 Mass. 200, 202 (1937). *Bay*

*State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188, 194 (1932).

The Appeals Court denied the defendant's motion for relief from the default judgment by a rescript opinion which concluded as follows: "The bare denial of the motion does not permit us to assume the truth of any of the evidence in the affidavits or correspondence (*Macera* v. *Mancini,* 327 Mass. 616, 621 [1951]), and the case is left in the posture that the denial of the motion can be explained on the ground that the judge was not bound to and did not believe that any of the defendant's evidence was credible. 'For this reason alone the denial of the motion cannot be pronounced erroneous.' *DeLuca* v. *Boston Elev. Ry.* 312 Mass. 495, 500 (1942)." *Farley* v. *Sprague,* 5 Mass. App. Ct. 799, 800 (1977). The two cases thus cited by the Appeals Court are typical of numerous cases decided by this court in which we have applied the rule that a judge is not bound by or required to believe allegations in affidavits accompanying motions, notwithstanding the fact that the allegations are not controverted by the opposing party. We have often applied that rule as to affidavits accompanying motions for a new trial, but we have not limited the application to motions of that type. Without suggesting any change in the types of cases to which that rule has been applied, we must consider now whether it should be applied to the present and other similar situations arising under the Massachusetts Rules of Civil Procedure, 365 Mass. 730 (1974). We conclude that it is not to be applied to such cases.

The Massachusetts Rules of Civil Procedure contain two provisions by which a defendant can contest the jurisdiction of the court over his person or the sufficiency of the service of process on him. Under rule 12 (b), 365 Mass. 754 (1974), he may raise the issue by a motion to dismiss the action, and under rule 60 (b), 365 Mass. 828 (1974), he may raise it after judgment by a motion for relief from the judgment. The language of these two rules is substantially the same as that of the earlier Federal Rules of Civil Procedure similarly numbered. The adjudged construction theretofore given to

those Federal rules is to be given to our rules, absent compelling reasons to the contrary. *Rollins Environmental Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975). *Nichols Assocs.* v. *Starr,* 4 Mass. App. Ct. 91, 93 (1976). While neither these two rules nor their Federal counterparts mandate the filing of affidavits or counter affidavits, it is the common practice for the moving party thereunder to support his motion by an affidavit and for the other party to file a counter affidavit if he so desires. The Federal courts have uniformly interpreted Fed. R. Civ. P. 12 and 60 as requiring the acceptance of the allegations in the uncontroverted affidavits of the moving party as true for the purposes of the particular motion. See *Burchett* v. *Bardahl Oil Co.,* 470 F.2d 793, 797 (10th Cir. 1972); *Grantham* v. *Challenge-Cook Bros.,* 420 F.2d 1182, 1186 (7th Cir. 1969); *Cohen* v. *Newsweek, Inc.,* 312 F.2d 76, 78 (8th Cir. 1963); *Thomas* v. *Furness (Pac.) Ltd.,* 171 F.2d 434, 435 (9th Cir. 1948), cert. denied, 337 U.S. 960 (1949); *Bucholz* v. *Hutton,* 153 F. Supp. 62, 66 (D. Mont. 1957); *Shires* v. *Magnavox Co.,* 74 F.R.D. 373, 376-377 (E.D. Tenn. 1977); *McDavid* v. *James,* 64 F.R.D. 182, 183 (E.D. Tenn. 1973); *Shore* v. *Cornell-Dubilier Elec. Corp.,* 33 F.R.D. 5, 7 (D. Mass. 1963); *Pollak Bros.* v. *Leo-Tex Co.,* 20 F.R.D. 396, 397 (S.D.N.Y. 1957); 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1353 (1969), and cases cited at 583 n.3.

It is apparent from the few appellate decisions in this Commonwealth on this subject that the Massachusetts Rules of Civil Procedure are being interpreted and applied in accordance with the Federal court precedents on the force and effect of uncontroverted affidavits of the moving party. In *Nichols Assocs.* v. *Starr, supra* at 93, the Appeals Court upheld the allowance of a motion under rule 12 (b) (2) to dismiss an action in which the defendant's affidavit alleging that he was not a resident of the Commonwealth and that the court had not in any way acquired jurisdiction over him in the matter was not controverted by the plaintiff. In *Olde Towne Liquor Store, Inc.* v. *Alcoholic Beverages Control*

*Comm'n,* 372 Mass. 152, 154-155 (1977), this court reached a similar result with respect to the defendant's motion for summary judgment under rule 56, the plaintiff having failed to controvert the allegations in the defendant's affidavit accompanying his motion. Although the result in the latter case was based in part on the fact that rule 56 expressly authorizes both supporting and opposing affidavits in connection with such motions,[1] the decision nevertheless illustrates the importance, and in some cases the necessity, for opposing affidavits. The party failing to file an opposing affidavit in such a situation cannot rely on the hope that the judge may draw "contradictory inferences" in his favor from the apparently undisputed facts alleged in the affidavit of the moving party. *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550, 554 (1976). *Nichols Assocs.* v. *Starr, supra* at 94.

On the basis of the numerous Federal precedents under the Federal Rules of Civil Procedure, and the several precedents in this Commonwealth under the Massachusetts Rules of Civil Procedure, we hold that in the circumstances of this case, since the plaintiff failed to controvert the allegations of the defendant's affidavit concerning his alleged residence and the insufficiency of the attempted service of process on him, the defendant was entitled to relief from the default judgment entered against him. The defendant's motion asks only that the default judgment entered against him on November 4, 1975, be vacated and set aside. It includes no request that the action be dismissed. We therefore need not consider or speculate whether the plaintiff's conduct demonstrated something short of good faith in prosecuting this action to the point of obtaining a default judgment against

---

[1] Rule 56 (e), 365 Mass. 824 (1974), regarding motions for summary judgment, provides that where a motion for summary judgment is supported by affidavit, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

the defendant who he may have had reasonable cause to know did not reside in the Commonwealth. See 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2693, at 314-316 (1973).

We reverse the order of the Superior Court denying the defendant's motion for relief from the judgment.

*So ordered.*