Cowdrey, P. J.
This is an action in contract to recover an alleged balance due under a written lease in the amount of $2,150.00. The primary question for review is whether the trial court properly denied the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60 motion to vacate the default judgment entered against him.
The report indicates that on July 20,1979 the defendant filed a pro se answer asserting breach of contract as a defense to the plaintiffs complaint. Approximately one year later, the plaintiff forwarded a letter to the trial court clerk requesting that the case be marked for trial on September 10, 1981. The words “cc: Mr. James A. Finn” were typed at the bottom of the letter. No certificate of service of notice to the defendant of the plaintiffs request for a trial date was filed. The report further states that “there is no evidence on the docket or in the Court file that the Clerk of Courts notified the defendant of the trial date.”
The defendant was defaulted at the call of the trial list on September 10, 1980. A default judgment in the sum of $2,366.43 plus costs was entered against the defendant on September 23, 1980. Execution issued on October 8, 1980.
On December 12,1980, the defendant moved pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60 to vacate the default judgment and supercede the execution. In support of this motion, the defendant asserted by way of written affidavit that he had received no notice of trial or any subsequent proceedings in the lower court until service upon him of a writ of execution on December 3, 1980. The defendant further averred that he had a good and valid defense to the plaintiffs claim as originally set forth in his answerof July 20, 1979.
The trial court denied the defendant’s Rule 60 motion after hearing on December 24, 1980.
1. The defendant has alleged by means of written affidavit that his failure to appear at trial resulted solely from his lack of notice of the same. As the plaintiff filed no counter-affidavit herein, the trial court was obligated to accept as true the uncontroverted allegations of the defendant’s affidavit in considering the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60 motion. Farley v. Sprague, 374 Mass. 419, 424 (1978). Such allegations are, in fact, clearly substantiated by the reported summary of the lower court proceedings now before us which indicates that the defendant’s failure to appear at trial was primarily, if not exclusively, a function of mistake or omission on the part of the plaintiff and the lower court.
Rule 108 of the Dist./Mun. Cts. Supp. R. Civ. P. mandates that a party’s request to place a case upon a district court trial list shall be accompanied by a certificate of service of notice of such request to all other parties. No such certificate was submitted by the *61 plaintiff herein. The logical conclusion to be drawn is that the plaintiff neglected, in clear violation of Rule 108, to notify the defendant of the anticipated trial date. The prejudice to the defendant resulting from such disregard of established procedural requirements was further compounded by the trial court clerk’s apparent non-compliance with Rule 108. The clerk not only marked this action for trial despite the absence from the plaintiffs request of any certificate of service of notice to the defendant, but also failed to issue to the defendant a ‘ ‘notice of such trial at least seven days before the trial day ” as required by Rule 108. As a practical matter, a party must assume that the trial court clerk will adhere to the dictates of all procedural rules of court, and should thus be free to rely with impunity on the clerk’s conscientious discharge of all duties imposed upon him by such rules. See Hanley v. Polanzak, Mass. App. Ct. (1979);a Saltus v. Abruzzese, Mass. App. Div. Adv. Sh. (1981) 22, 23-24. Elemental fairness militates against the visitation of any punishment or prejudice upon the defendant herein for the clerk’s failure to issue a notice of trial as mandated by Dist./Mun. Cts. Supp. R. Civ. P. Rule 108.
2. Lack of notice is a justifiable basis, if not the paradigm example of a cognizable ground, for relief from a default judgment under Dist./Mun. Cts. R. Civ. P. Rule 60. See generally Chavoor v. Lewis. Mass. (1981).b We note further that the defendant acted promptly in submitting his Rule 60 motion herein; that he has alleged the existence of a defense at least arguably “worthy ofjudicial investigation," Russell v. Foley, 145, 148 (1932); that his ‘"neglect” was unintentional and attributable to the omissions of the plaintiff and the lower court; and that no apparent prejudice will befall the plaintiff if this cause is restoredto a triable status. See Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979).
3. Rule 60 of the Dist./Mun. Cts. R. Civ. P. is remedial in character, subject to a liberal interpretation and uniquely designed to promote the salutary and fundamental judicial precept that legal controversies should be decided upon their merits. Ibid, at 429. The defendant herein has satisfied all conditions precedent to Rule 60 relief and, in the interests of justice, should be afforded the opportunity to defend this action in a trial upon the merits.
The trial court’s denial of the defendant’s motion to vacate the default judgment and supersede execution is reversed. This case is remanded for trial.

So ordered.

 Mass. App. Ct. Adv. Sh. (1979) 1707, 1713.

 Mass. Adv. Sh. (1981) 1467, 1471-1472.