**Robert V. PACE, Plaintiff**
v.
**Sanford E. WOLF, Defendant**

**No. 302813**

Superior Court/Middlesex, ss
Commonwealth of Massachusetts

**June 29, 1982**

Robert Pace, Pro Se, counsel for plaintiff.
William J. Buckley, counsel for plaintiff.
Daniel C. Sacco, counsel for defendant.
Edward S. Englander, counsel for defendant.

## I. PROCEDURAL HISTORY AND BACKGROUND

The defendant's motion for relief from judgment filed pursuant to Mass.R.Civ.P. 60(b)(6) was heard on April 12, 1982. A detailed presentation of the complicated procedural history of this case is necessary to a clear resolution of the legal issues it presents.

The plaintiff filed a Writ and Declaration on May 5, 1969, pro se, against the defendant, Sanford E. Wolf and Lexington Aviation, Inc. Defendant filed a Demurrer and an Answer not waiving the Demurrer on May 15, 1969. The Demurrer was sustained with leave to amend within 60 days on May 23, 1969. The plaintiff filed an Amended Declaration on July 22, 1969. No activity occurred in the case until December 15, 1976, when an Order of Default was entered against the defendant for failure to appear and defend the action (Mitchell, J.). Although the docket sheet indicates that notice of the entry of default was mailed to the defendant on December 17, 1976, it now appears that neither defendant nor defendant's counsel, received notice of the default hearing or the entry of the default judgment at this time. (See Affidavit of Patricia S. Nelson and Affidavit of Sanford E. Wolf—Doc. #21, Exhibits A and B).

On August 17, 1978, the plaintiff was ordered to perfect service, if needed, or move for an assessment of damages within 30 days (Mitchell, J.). The plaintiff failed to so move and a Judgment of Dismissal was entered on September 14, 1978 (Mitchell, J.). On October 4, 1978, the plaintiff, represented by counsel for the first time since this action was commenced, filed a Certificate of Readiness for Trial and the Dismissal was vacated on this same date (Mitchell, J.).

On November 7, 1978, defendant's counsel filed a Motion That Action Not Be Placed on Trial List together with a Certificate of Unreadiness. This motion was denied (Mitchell, J.). On this same date the court allowed defense counsel's Motion For Withdrawal of Counsel on the grounds that counsel had failed to locate their client after making every reasonable effort to do so (Mitchell, J.). The plaintiff's Motion for Assessment of Damages was heard on December 6, 1978, and, the defendant having been defaulted, judgment for the plaintiff was ordered in the sum of $16,900.00 plus interest in the sum of $10,996.83 plus costs (Young, J.). Final Judgment for the plaintiff of $28,044.15 was entered on January 8, 1979.

The plaintiff subsequently located the defendant in New York and filed an action on the judgment there sometime in 1980. According to Mr. Wolf's Affidavit he had moved to New York in December of 1969. He had originally informed his counsel of his New York address and had received correspondence there concerning this case in 1970. However Mr. Wolf moved again in 1975 to the Bronx. Since he had heard nothing regarding this case in the intervening five years he never informed his Massachusetts counsel of his new address. He did, however, leave a forwarding address at the post office although correspondence from his counsel after 1975 never reached his Bronx residence. His counsel's varied attempts to locate him prior to withdrawing from the case were unsuccessful, as had been noted.

Mr. Wolf received a summons from the plaintiff in August of 1980. He apparently did not connect that action or the judgment sued upon of $28,044.15 to this case, filed some eleven years earlier, until March of 1981 when his New York counsel, having investigated the matter, informed him of the situation. He

thereupon contacted his former Massachusetts counsel and was told that the matter could not be reopened since the Final Judgment had been entered more than a year before.

Mr. Wolf subsequently hired new counsel in Massachusetts. The defendant and his counsel first explored the possibility of an action against Mr. Wolf's former attorneys (several members of the law firm of Nutter, McClennen and Fish had worked on the matter over the years) since they believed that the default order had been allowed to enter through negligence. It was not until March 5, 1982, that defendant's present counsel learned that defendant's prior attorney(s) had not received timely notice of either the default hearing or the entry of the order of default. Soon thereafter defendant's present counsel filed the instant motion.

The plaintiff died on January 20, 1982. Plaintiff's son, Robert V. Pace, was appointed administrator of plaintiff's estate on January 28, 1982. A suggestion of death was filed by plaintiff's attorney on April 12, 1982.

## DISCUSSION

Mass.R.Civ.P. 60(b) states:

**Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of review, of error, of audita querela, and petitions to vacate judgment are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

The defendant has moved for relief from judgment pursuant to Rule 60(b)(6), the Rule's residual clause. This clause has been called "a grand reservoir of equitable power to do justice in a particular case." 7 **Moore's Federal Practice** Par. 60.28 (2)(2d ed.)[1]. The operation of this clause is subject to two very important internal

---

[1] Rule 60(b) of the Massachusetts Rules of Civil Procedure is substantially the same as Fed.R.Civ.P. 60(b). This court therefore applies the construction given the Federal rule to our rule. See **Rollins Environmental Services. Inc. v. Superior Court,** 368 Mass. 174, 179-180 (1975).

qualifications, however. The movant must show, 1) that the reason for relief sought under 60(b)(6) is not covered by any of the provisions of 60(b)(1-5), and, 2) that the reason asserted is so extraordinary or exceptional that it justifies the granting of relief. James W. Smith and Hiller B. Zobel, **Rules Practice** sec. 60.15, at 486 (1974). In addition the rule requires that the motion be made within a "reasonable time." The court deals with each of these requirements in turn.

The only other section of Rule 60(b) which could be asserted as grounds for relief in this case is 60(b)(1) which covers mistake, inadvertence, surprise, or excusable neglect. If this section were held to apply the defendant would be barred from obtaining relief since the rule requires that a motion to vacate pursuant to 60(b)(1) be made not more than one year after the order was entered. The plaintiff argues that this section applies since it was the negligence of the defendant's prior attorneys in losing contact with their client which somehow resulted in the defendant's lack of notice of the default and his subsequent request for relief. This argument is meritless. This court accepts as true, as it must, **Farley v. Sprague**, 374 Mass. 419, 424-425 (1978) (Quirico, J.) the uncontroverted sworn testimony of the defendant's prior attorney stating that neither she nor any member of her firm received timely notice of either the default hearing or the entry of default which occurred in 1976. This action was filed in 1969. As far as the defendant's counsel was concerned the case remained inactive until October of 1978 when the plaintiff's Certificate of Readiness was filed and served. Once the defendant's counsel became aware of pending action in the case immediate efforts were made to locate the defendant. When these efforts proved unavailing counsel moved to withdraw. Once this motion to withdraw was allowed the defendant's prior counsel owed him no further duty. When the plaintiff's counsel served notice of the Motion for Assessment of Damages upon the defendant's counsel it was returned with a letter stating that the office was unaware of Mr. Wolf's whereabouts and no longer represented him and further stating that it had no record of ever having received the order or default. Under the circumstances no other action could be expected from Mr. Wolf's former counsel. This court finds no negligence on the part of defendant's prior counsel and rules that 60(b)(1) therefore does not apply to this case.

Since the grounds for this motion are not covered by any of the reasons set out in 60(b)(1-5) the court must next inquire whether the circumstances of this case are so extraordinary as to justify granting relief under 60(b)(6). Courts have considered several factors in deciding this question, including, whether an injustice will result if the motion is denied, whether the movant has demonstrated a meritorious claim or defense, and whether the opposing party will be unfairly prejudiced if relief is granted. See, generally, Annot., Construction and Application of Rule 60(b)(6) of Federal Rules of Civil Procedure Authorizing Relief from Final Judgment or Order for "Any Other Reason," 15 A.L.R. Fed. 193, 209-321 (1973). After considering all of these factors together with the unusual if not bizarre history of this case this court is persuaded that the granting of relief pursuant to Rule 60(b)(6) is appropriate.

Defendant's lack of notice of either the default hearing or the entry of the default order essentially caused his current predicament. In **Chavoor v. Lewis**, Mass. Adv. Sh. (1981) 1467, the Supreme Judicial Court held that lack of notice is a circumstance which may bring a case within the purview of Rule 60(b)(6). **Id.**, at 1473. Where, as here, the defendant not only was unaware of the default judgment but had long since moved out of state and did not know either that the action was still pending after so many years or that his prior counsel had withdrawn, the granting of 60(b)(6) relief is particularly merited. To allow a default

judgment to stand against a defendant who had no opportunity of presenting a defense would be unjust. The court further notes that evidence of a meritorious defense was presented at the hearing. The court is cognizant of the fact that granting relief would ordinarily prejudice the plaintiff's case in view of Mr. Pace's death. However, Mr. Pace's testimony has been preserved in the record in affidavit form (Doc. #17) and his counsel is presumably in possession of the documents referred to in it. Under all the circumstances the court is persuaded that any possible prejudice to the plaintiff is outweighed by the injustice which would result if defendant's motion were denied.

A Rule 60(b)(6) motion must be filed "within a reasonable time." The plaintiff maintains that the defendant became aware of this action in August, 1980, and that his delay in waiting until March, 1982, to bring this motion was unreasonable, especially since the Final Judgment had entered in January, 1979. The question of reasonable time is addressed to the court's discretion.

**Chavoor v. Lewis, supra,** at 1471 n.4. In this case eleven years had elapsed between the filing of the action and service of the summons on the defendant, a period during which he heard nothing regarding this matter. It was not unreasonable for Mr. Wolf to be confused about the New York action or to fail to immediately connect it with this case. Upon learning of the Massachusetts judgment the defendant contacted his former counsel, was told the matter could not be reopened, then hired new counsel and pursued this motion. Although the defendant acted diligently, ascertaining the status and history of this case understandably took some time. Under all the circumstances this court concludes that the instant motion was filed within a reasonable time.

Accordingly the defendant's motion to vacate the judgment is hereby GRANTED.

By the Court,
**William G. Young**
**Justice of the Superior Court**