Greenberg, J.
This is an action in contract to recover certain alleged credits due to the plaintiff for undelivered merchandise arising out of an executory agreement to supply plaintiff with auto scrap metal. On January 19, 1981, the plaintiff s complaint, together with an ex parte motion for attachment of personal property, was filed and approved by a trial judge. The defendants failed to file an answer within twenty days in compliance with Dist./Mun. Rules of Civ. Procedure, Rule 12. On March 18, 1981, the plaintiff filed a request for default under Dist./Mun. Rules of Civ. Procedure, Rule 55(a). Simultaneously, the plaintiff requsted a default judgment under Dist./Mun. Rules of Civ. Procedure, Rule 55(b) (1). Both requests were allowed and judgment was entered by the court on *87 March 20,1981. The defendants do not contend that service of the complaint and summons was insufficient or otherwise defective, but question in their appeal the action of the trial judge on April 24,1981 in rejecting the filing of a motion for leave to file answer late, and on June 3, 1981 in denying a motion for relief of judgment filed pursuant to Rule 60(b).
At the hearing before the trial judge on June 2,1981, there was filed an affidavit of the defendants tending to show that two days after plaintiff instituted its complaint, plaintiffs counsel worte to defendants’ counsel[3] outlining an agreement to forbear action on the attachment process and the instituted complaint upon condition that defendants execute a settlement agreement[4] and security instruments insuring collateral in the event of defendants’ subsequent breach. Additionally, the affidavit contained a letter from plaintiffs counsel dated April 22,1981 - [over one month after judgment had entered after plaintiff s Rule 55 (b) (1) request], confirming that defendants were due additional credits against the original claim amount. The affidavit further contained information that the defendant, Gloria Kaye, never entered into any agreement or business with the plaintiff and that the plaintiff had, in fact, complied with the settlement agreement. The trial judge dismissed the defendants’ motion for relief from judgment and defendants appealed.
Although entry of default and entry of default judgment are two separate procedures, there is a widespread practice in the District Courts, whereby the two approved forms, that is, the Request for Default (DCM-21) and the Request for Default Judgment (DCM-22) are filed simultaneously. Entry of default consists merely of the clerk performing the formal act of noting on the docket the fact that defendant has “failed to plead or otherwise defend” . . . Rule 55(a), Dist./Mun. Rules of Civ. Procedure. It is the defendant’s duty to serve his answer on the plaintiff within 20 days from the date of service of the complaint on him. Failure of a defendant, also, to file his answer in court, in and of itself, is not grounds for entry of default. The penalty for failure to file is specified in Rule 5(f) of the Dist./Mun. Courts Rules of Civil Procedure (an order that the paper be filed forthwith)[5]. It should be noted that Rule 5(a) of the Dist./Mun. Rules of Civ. P. appears to require that a copy of the request for default be served on the defendant, since the defendant is not yet in default at the time of the request[6]. Had the clerk-magistrate in this case followed this procedure, the defendant would have been notified prior to March 18,1981, that the plaintiff was seeking to obtain a default and default judgment. Where the affidavit presented to the. trial judge included uncontradicted facts that during this very period the parties had negotiated a possible settlement of the liitigation; that the original claim amount had been reduced by plaintiff, and that the plaintiff would not proceed *88 with the suit, we hold that it was error for her to refuse to set aside the entry of default under 55(c) of the Dist./Mun. Rules of Civ. P. and to allow the defendants to file their answer late[7].
The trial judge denied the defendants’ motion for relief from judgment on the grounds that (1) - the court did not find in its discretion, just cause to grant the same for any of the reasons set forth in Rule 60(b); (2) - the motion was not timely filed, in that defendants were notified of judgment no later than April 22, 1981 and did nothing until June 2, 1981; and (3) - the motion was unsigned by defendants’ counsel. We address these findings seriatim.
Rule 60(b) provides in pertinent part that... “ (O)n motion and upon such terms as are just, the court may relieve a party, or his legal representative, from a final judgment order or proceeding for the following reasons....(6) any other reason justifying relief from the operation of the judgment.” The uncontradicted affidavit of the defendant outlined sufficient reasons for relief from the operation of the judgment. See Feeney v. Abdelahad, 6 Mass. App. Ct. 849 (1978). In Farley v. Sprague, 374 Mass. 419 (1978) the defendant appealed from the order of a Superior Court judge denying his motion to vacate a default judgment entered against him. The Supreme Judicial Court held that where plaintiff failed to dispute allegations of the defendant’s affidavit, the defendant was entitled to relief from judgment. The court based its decision on the necessity for opposing affidavits. “The party failing to file an opposing affidavit in such a situation cannot rely on the hope that the judge may draw ‘contradictory inferences’ in his favor from the apparently undisputed facts in the affidavit of the moving party. ”[8] Id. at 425.
Secondly, the trial court held that defendant’s motion was not timely filed. The request for default judgment was granted on March 20,1981 and the motion for relief from judgment was filed on June 2, 1981. Rule 60(b) states that the motion shall be made within a reasonable time and not exceeding one year after judgment is entered. Considering the circumstances that defendants had retained new counsel within the two and one-half months preceding, and that a portion of time transpired because of their reliance upon the settlement agreement, it was error, as a matter of law, for the trial judge to find that the request was not timely filed. We note in passing that on April 24,1981 the defendants had filed a motion for leave to file answers late, but the docket entries do not reflect any action by the trial judge thereon.
Lastly, the trial judge found that the defendants' counsel failed to sign the motion pursuant to Dist./Mun. Cts. R. Civ. P., Rule 7 (b) (1), (2). While it is a requirement well-known to counsel, the accompanying affidavit was appropriately subscribed and contained the crucial information upon which the trial judge was required to act. Rule 11 of Dist./Mun. Rules of Civ. P. contains the admonition that...” (I)f a pleading is not signed, or is signed with intent to defeat the purpose of this Rule, it may be stricken and the action may proceed as though the pleading had not been filed.” There is nothing before us to indicate that this omission was intentional, or that the motion was interposed for any reason to *89 defeat the purpose of the rules. Inadvertence on the part of counsel is riot a sufficient basis to reject the contentions of the affidavit itself, especially where the interests of the defendants are circumvented by rigid adherence to a ministerial error of counsel. See Mullen Lumber Co., Inc. v. F. P. Associates, Inc., 419 N.E. 2d 861 (1981).
The denial of the defendants’ motion for relief of judgment was in error. The judgment for the plaintiff is vacated and the case remanded for trial.

We infer from this record, that both parties were represented by counsel prior to institution of this action, and were attempting to negotiate, but unsuccessfully, a resolution short of this litigation. We also note that defendants’ counsel of record in this appeal was not origianally involved in this negotiation process.

The settlement agreement stated, inter alia, that the defendants were obliged to deliver 5 gross tons of auto scrap to plaintiff s specifications commencing January 23, and approximately 8 gross tons every few weeks thereafter, until the total indebtedness, including accrued interest and costs, was paid in full.

If a defendant does not make timely service of his answer, as occurred here, then the plaintiff’s pursuit of a default in all likelihood will merely result in court permission for the defendant to serve his answer later. See CONNORS and RERUN, HANDBOOK OF CIVIL PROCEDURE IN THE MASS. DISTRICT COURTS. Lawyers Weekly Pub., 1980, at p.75.

SERVICE: When Required - Except as otherwise provided in these rules, every pleading ... every written motion... and every written notice... shall be served upon each ofthe parties. See Jakas v. Finn, 1982 Mass. App. Div. Dec. 60, where the court noted that undue prejudice resulted to defendant, due to lack of notice of trial date.

At the hearing, the defendants introduced exhibits, including a letter from plaintiffs attorney, stating: "We will take no further action” regarding this case, providing certain auto scraps were delivered. There were also exhibits showing that shipments of the goods had been made by the defendants from January 16 through April 15, which had been accepted by the plaintiff.

See Community Nat’l. Bank v. Dawes, 369 Mass. 550, 340 N.E. 2d 877 (1976) where the court was dealing with a motion for summary judgment pursuant to Federal Rule 56. The court held that “once a motion is made and supported by affidavits and other supplementary material, the opposing party may not simply rest on his pleadings or general denials; he must set forth specific facts showing that there is a genuine triable issue.” Id at 879.