Minehan, J.
Defendant-appellant Windhorse Corporation appeals from a default judgment on the grounds that service was improper rendering the default judgment void pursuant to Mass. R. Civ. R, Rule 60(b) (4).
We agree.
The facts of this case are that on September 17,1986 plaintiff-appellee Amherst Industries, Inc. entered into a written lease with Wearguard for building space owned by plaintiff in Buffalo, NY. On March 15,1990 Wearguard vacated the premises, thereby breaching the lease. Plaintiff Amherst Industries, Inc. commenced a lawsuit against Wearguard in the United States District Court for the Western District of New York. On February 25, 1993, a default judgment was entered against Wearguard in the amount of $194,284. The default judgment became final on August 4,1993.
In February of 1992, Wearguard Acquisition Corporation bought the assets of Wearguard, including the right to use Wearguard’s name. Wearguard Acquisition Corporation then changed its name to Wearguard Corporation on March 2,1992. In February and March of 1993, Wearguard filed a notice with the Secretary of State in Massachusetts that the name of Wearguard was changed to Windhorse Corporation. On August 16,1993 Windhorse, a foreign corporation, withdrew from doing business in Massachusetts by filing a certificate of withdrawal accompanied by a tax certificate with the Secretary of State’s Office in accordance with G.L.c. 181, §16.
On or about June 20, 1995, the plaintiff commenced this action against the defendant in Hingham District Court, seeking not only to enforce its default judgment in the amount of $194,284, but also to recover damages, including attorney’s fees, related to a subsequent breach of the same lease.[1] On or about August 30, 1995, a return of service was filed with the Hingham District Court. The return listed the individual served as one Mr. Humphrey, and recorded a purported service date of August 18,1995. On or about September 17,1996, a pretrial conference was held where the Trial Court found that the defendant had defaulted. On January 30, 1997, plaintiff requested a default judgment in the amount of $431,783.54 plus interest computed at the Commonwealth of Massachusetts statutory rate of 12%. On February 19,1997, the Trial Court found for the plaintiff.
On February 20, 1997, Mr. Humphrey filed an opposition to plaintiff’s motion *134 for assessment of damages on the basis that plaintiff failed to serve the summons and complaint on Windhorse. Mr. Humphrey filed an uncontroverted affidavit in which he stated that he had not been an agent or officer affiliated with Windhorse since August 16, 1993. The Trial Court denied his opposition and a default judgment was entered on March 28, 1997. The Trial Court assessed damages in the sum of $421,483.54 plus attorney’s fees and costs in the amount of $10,300.00 and interest in the amount of $88,269.06 at the Massachusetts Statutory Rate.
On April 8,1997, defendant Windhorse filed a motion to reconsider the default judgment and a motion under Rule 60(b), citing several grounds, including the assertion that the service of the complaint was ineffective and therefore that the judgment is void. Mr. Humphrey’s uncontroverted affidavit was again submitted to the court. The court denied defendant’s motions. It is from the denial of these motions that the defendant Windhorse timely appeals.[2] The plaintiff argues that Mr. Humphrey was required by G.L.C. 181, §4A to file a certificate of resignation with the Secretary of State. Plaintiff further argues that absent such a filing, Mr. Humphrey remained an agent for Windhorse Corporation even though the corporation filed a certificate of withdrawal and tax certificate in accordance with G.L.C. 181, §4A
We disagree with plaintiff’s argument.
The statutory scheme requires a foreign corporation to list its resident agent when filing its certificate of doing business in the Commonwealth of Massachusetts see G.L.c. 181, §4(3). There is no requirement that a foreign corporation list its resident agent in its certificate of withdrawal. See G.L.c. 181, §16. If the plaintiffs position were given effect, the statute would create a trap for any foreign corporation that withdraws from doing business in the Commonwealth. As in this case, despite withdrawing in compliance with the statutory requirements set forth in G.L.C. 181, §16, the foreign corporation would unwittingly leave in place a resident agent.
It is our view that such an effect is not consistent with the legislative designation set forth in G.L.c. 181, §15 that “[sjervice of process ... against a foreign corporation formerly doing business in the Commonwealth that has withdrawn from the Commonwealth pursuant to this chapter may be made upon the state secretary.” Our view is that absent some affirmation by a foreign corporation that it intends to leave its resident agent in place, the proper filing of a certificate of withdrawal revokes the agent’s status. In such a case, the proper method for service of process within the Commonwealth is upon the Secretary of State.
Plaintiff erroneously relies on G.L.C. 181, §4Afor the assertion that absent Humphrey’s filing of a resignation, he remained the resident agent of a corporation that was no longer doing business in the Commonwealth. On the contrary G.L.C. 181, §4A ensures that in the event of a resignation by its resident agent, a foreign corporation doing business in the Commonwealth has an opportunity to appoint a new agent during the thirty day grace period during which the resident agent must still act. This construction makes an “effectual piece of legislation in harmony with common sense and sound reason.” Morrison v. Selectmen of Weymouth, 279 Mass. 486, 492 (1932). Further, even in instances where the foreign corporation is doing business in Massachusetts and its resident agent refuses to act, the secretary of state is deemed to be... its true and lawful attorney upon whom all lawful process in any action or proceeding may be served.” G.L.c. 181, §15.
*135 It was an error of law for the Trial Court to deny defendants Rule 60(b)(4) motion where the individual named in the return of service was not an agent, employee or officer of the defendant at the time of service. Improper service renders a judgment void and, as such, the trial court was required to vacate the default judgment under Rule 60 (b) (4). Farley v. Sprague, 374 Mass. 419 (1977).
We reverse the order of the Trial Court denying the defendant’s motion for relief from judgment.

 In light of our ruling that service was ineffective, we need not address the argument raised by the defendant that (1) the additional recovery sought was barred by the doctrine of res judicata; (2) that the default judgment that entered was not for a sum certain and, therefore, a hearing was required, see Mass. R. Civ. Rule 58; or (3) interest was calculated on the New York judgment in violation of 28 U.S.C. §1961.

 The docket does not indicate when the defendant’s motions were denied. However, there is a notation on the docket indicating that the parties were notified of the denial on August 6,1997. The defendant filed its notice of appeal on August 8, 1997. In the absence of any argument as to the timeliness of the appeal, we deem that issue waived.