Welsh, J.
The plaintiff appeals, pursuant to Rule 8A Dist/Mun. Cts. RADA., challenging the court’s order denying plaintiffs motion for relief from judgment of dismissal by reason of failure timely to serve the defendant as required by Rule 4®, Mass. R. Civ. P., 402 Mass. 1401 (1988).
This civil action sought recovery of a deficiency alleged due on a promissory note. The complaint was filed in the New Bedford District Court on July 3, 1998. The return of service indicates that the officer served the summons and complaint on September 25, 1998 at 1278 Roseanne Street, New Bedford, described therein as the defendant’s “last and usual” place of abode, and by mailing copies of the process to her at the same address. The return of service was not filed until March 30, 1999. The action had already been dismissed on March 19, 1999 for non-compliance with Rule 4®, Mass. R. Civ. P. The defendant denies having resided at that address and denies receipt of the summons and complaint by mail or otherwise.
The court concluded, based upon affidavits and other documentary evidence submitted, that the address stated in the return of service was not in fact the defendants last and usual place of abode; that she had not been validly served with process or otherwise had such notice as would confer jurisdiction on her. The judge concluded that no personal jurisdiction was obtained as to the defendant and that plaintiff failed to establish good cause for not effecting service upon the defendant within the time permitted by Rule 4®, Mass. R. Civ. P.
We affirm.
1. The traditional common law rule in this Commonwealth was that, as between the parties to an action and as to those in privity with them, the return of an officer was conclusive as to all matters which were properly the subject of the return. Slayton v. Chester, 4 Mass. 478, 479 (1808). If the return was false, the injured party’s recourse was to bring an action against the officer who made the return. Id. at 479. These principles remained vital, with certain modifications, well into this century. Union Savings Bank v. Cameron, 319 Mass. 235, 236 (1946); Smith v. Arnold, 4 Mass. App. Ct. 285, 287 (1976).
2. The present state of the law is that a person to whom process is directed is entitled to controvert the recitals of an officer’s return to establish lack of personal jurisdiction by introducing affidavits or other evidence of facts tending to negate due service of process. Farley v. Sprague, 374 Mass. 419, 423-425 (1978), Jackson v. Corley, 1997 Mass. App. Div. 25, 26. The doings of the officer as stated in the return of service are prima facie evidence of the existence of the jurisdiction facts stated therein and the party raising the issue of personal jurisdiction has the burden of demonstrating by affidavits or otherwise that there was not personal juris *282 diction over him. Farley v. Sprague, supra at 423. The judge is required to believe the affidavits submitted by the moving party unless contradicted by averments of facts in the affidavits or other evidence offered by the opposing party. Id. at 425. Where the issue of personal jurisdiction is properly raised and factually substantiated and not rebutted by contrary affidavits, the judge is required to set aside judgment against the moving party.[2] Since the issue was properly raised and not rebutted, any default judgment is perforce void. A refusal by the judge to set aside such judgment would be an abuse of discretion. Metivier v. McDonald’s Corp., 19 Mass. App. Ct. 916, 918 (1983); Konan v. Carroll, 37 Mass. App. Ct. 225, 229 (1984). Compare Atlas Elevator Co., Inc. v. Stasinos, supra at 288 n.2 (Judge did not abuse discretion in denying motion to vacate on grounds that defendant had not been served where judge found that defendant was aware of litigation at an early stage and was dilatory in filing motion to vacate).
3. The motion judge found that the defendant’s residence was not at the address shown on the officer’s return. The officer’s assertion that a neighbor, who was not otherwise identified, told him that the defendant lived at the address shown on the return was insufficient as a matter of law to rebut the defendant’s proof that she never resided at the address specified in the return of service. There was ample evidence to support the judge’s finding. Utility bills, bank statements, and a credit report all list the defendant as residing at a different address.
4. The judge was warranted in his conclusion that the plaintiff failed to show “good cause” under Rule 4(j), Mass. R. Civ. R for failing to serve the defendant within the time allowed. Shuman v. The Stanley Works, 30 Mass. App. Ct. 951 (1991). There was no evidence of evasion by the defendant of attempts to serve the process or other conduct of the defendant justifying the failure to make timely service. There was not a showing of diligent effort to serve the defendant.
The return of service was tardily filed with the court. Rule 4(f) requires the server of process to file proof of service promptly with the court and in any event within the time during which the person served must respond to the process. The return of service indicates service of “last and usual” place of abode on September 25,1998. The return was not filed until March 30,1999, nearly two weeks after the action had been dismissed under Rule 4O').
The appeal is dismissed.
So ordered.

 In certain circumstances the issue of lack of personal jurisdiction may be deemed waived.